[No. 20757.   Department One.   December 6, 1927.]

THE STATE OF WASHINGTON, *on the Relation of McPherson Brothers Company, Appellant,* v. W. M. JONES *et al., Respondents.*[1]

[1] FRANCHISES   (1-1) — STATUTORY   PROVISIONS — COUNTY   TOLL BRIDGES.  Objection to the validity of a county franchise for a toll bridge because it is partly within the limits of a town is obviated by a change in the town boundaries placing the bridge outside the town limits.

[2] SAME   (6)—ASSIGNMENT.  A bridge franchise is assignable where the Federal consent and the county franchise both ran to the grantee, his heirs, executors, administrators and assigns.

Appeal from a judgment of the superior court for Douglas county, Jeffers, J., entered December 9, 1926, in certiorari proceedings affirming an order of county commissioners granting a bridge franchise.   Affirmed.

*Peter McPherson, Wilson C. Gresham,* and *C. B. Hughes,* for appellant.

*O. R. Hopewell, Sam R. Sumner,* and *Hartman & Hartman,* for respondents.

FRENCH, J.—The boards of county commissioners of Douglas and Okanogan counties, sitting concurrently but acting separately, at Waterville on the 7th day of June, 1926, and at Okanogan on the 8th day of June, 1926, granted to one W. E. Buell a franchise for the construction of a toll bridge over and across the Colum-

[1]Reported in 261 Pac. 640.

bia river at or near the town of Brewster. At these meetings, the full board of each county was present, and a public hearing was had pursuant to notices given previous to the meeting. This franchise was thereafter assigned by W. E. Buell to the Okanogan-Douglas Inter-County Bridge Company. At these meetings, appellant appeared and protested the granting of the franchise, and afterwards sued out a writ of review in the superior court, and from the decree of the superior court, finding the franchise valid in every respect, the matter has been brought here.

The appellant is and for many years last past has been the owner and operator of a ferry system situated in the immediate vicinity of the proposed bridge, and has vigorously contested each and every step in the proceedings necessary to the building of the bridge. Many of the questions involved have been before this court on other occasions, and it will be necessary to refer to some of our prior decisions.

[1] The first assignment of error is:

"That the court erred in finding and decreeing that the commissioners had jurisdiction and authority to grant the franchise for the toll bridge for the reason that the franchise on the Okanogan side commenced within the incorporated limits of the town of Brewster."

The evidence is somewhat conflicting as to whether or not the bridge, or any part thereof, was within the territorial limits of the town of Brewster as the same were fixed and defined by its charter. We think it can be safely said that, viewing the testimony in the light most favorable to appellant, but a few feet of the approaches to the bridge would be within the original limits of the town of Brewster, and that the franchise in any event, in so far as it covered the bridge proper, and all that part of the structure admittedly without the original territorial limits of the town of Brewster,

would be valid. *Fidelity Trust & Guaranty Co. v. Fowler Water Co.,* 113 Fed. 560; *Tacoma v. Nisqually Power Co.,* 57 Wash. 420, 107 Pac. 199; *State ex rel. Ellis v. Tampa Waterworks Co.,* 57 Fla. 533, 48 South. 639, 22 L. R. A. (N. S.) 680; *Illinois Trust & Savings Bank v. City of Arkansas,* 76 Fed. 271.

We think that the general rule is that a contract or franchise, invalid in part, does not invalidate the whole, if the invalid portion can be properly eliminated. But in any event, before the granting of this franchise, the town of Brewster changed its corporate limits and eliminated all of the territory in dispute. The proceedings by which this was accomplished appear to be regular.

Some technical objection is raised by appellant as to the notice of election, the failure of respondents to affirmatively show that a map or plat had been filed with the county auditor showing the changed boundaries, and the failure to affirmatively show that the council transmitted a certified abstract of the election vote to the secretary of state. The notice of election substantially conforms to the statutory requirements. The election appears to have been duly and regularly held pursuant to the notice, each and every step in the proceedings appear regular, and are certainly not subject to collateral attack such as this.

[2] It is also urged that the court erred in decreeing that the franchise was legally assigned to the Douglas-Okanogan Inter-County Bridge Company, for the reason that the same was not assignable. In the case of *State ex rel. McPherson Brothers v. Superior Court,* 142 Wash. 284, 252 Pac. 906, this court, in speaking of this same franchise, said:

"The county franchise, as well as the authority from the United States government, ran to one Buell, who thereafter assigned them to the bridge company. It is contended that franchises of this character are not

capable of being assigned. The United States authorizes the bridge to be constructed by 'W. E. Buell, his heirs, executors, administrators or assigns.' The license or franchise from Douglas and Okanogan counties ran to 'W. E. Buell, of Seattle, King county, Washington, and to his heirs, executors, administrators and assigns.' Plainly, the authorities granting these franchises or permits contemplated that they would be assigned and they authorized an assignment. Nor is there any reason in law why such franchises are incapable of being assigned. Franchises are proper subjects of sale or transfer and the title and enjoyment thereof may pass from one owner to another. Particularly is this true where the consent of the granting power is given for assignment. 26 C. J. 1037; *Evans v. Kroutinger,* 9 Idaho 153, 72 Pac. 882. See, also, note commencing on page 543 of 59 L. R. A.''

A careful examination of the foregoing case, from which we have just quoted, shows that practically every question raised on this appeal was there discussed and decided adversely to appellant. We have examined the record carefully and are satisfied that the board of county commissioners followed the statute substantially in all the various proceedings; that the franchise was properly granted, and is legal and valid in every respect.

Judgment affirmed.

MACKINTOSH, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.