[No. 21059.   Department One.   April 14, 1928.]

OKANOGAN-DOUGLAS INTER-COUNTY BRIDGE COMPANY, *Respondent-Petitioner*, v. THE STATE OF WASH-INGTON, *Respondent*, McPHERSON BROTHERS COMPANY, *Appellant-Intervener*.[1]

[1] APPEAL (473)—REVIEW—FORMER DECISIONS AS LAW OF CASE. Upon a second appeal in a cause, the matters determined on the first appeal are concluded and cannot again be urged for a reversal.

[2] EMINENT DOMAIN (44)—PERSONS ENTITLED TO QUESTION POWER. Objection to the condemnation of a bridge site, under state laws, cannot be urged by a ferry company down the stream, the operation of which would not be interfered with, on the ground that a Federal permit for the bridge had lapsed, after adjudication of the validity of the franchise and right to construct the bridge.

[3] EMINENT DOMAIN (92)—AWARD—PERSONS ENTITLED TO OBJECT. A ferry company, intervening in condemnation proceedings for a bridge site appropriating state land, is in no way interested in the award to the state, and is not entitled to object or introduce any evidence on the subject.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered September 2, 1927, dismissing an intervener's complaint, in condemnation proceedings.   Affirmed.

*Wilson C. Gresham* and *Peter McPherson*, for appellant.

*Sam R. Sumner, Chas. A. Johnson*, and *Hartman & Hartman*, for respondent Okanogan-Douglas Inter-County Bridge Co.

MITCHELL, J.—Again there is an appeal to this court in the controversy between the bridge company and the ferry company, in the condemnation proceedings by the bridge company for the building of a bridge

[1] Reported in 266 Pac. 724.

across the Columbia river at Brewster, Okanogan county, to a point on the opposite shore in Douglas county. The general situation and much of the controversy are described in *State ex rel. McPherson Bros. Co. v. Superior Court,* 142 Wash. 284, 252 Pac. 906, and *State ex rel. McPherson Bros. Co. v. Jones,* 146 Wash. 55, 261 Pac. 640.

After the order of public necessity in favor of the bridge company was affirmed by this court in the decision first above cited, the condemner then sought to have damages ascertained and awarded by a jury to the state on account of a right of way for the bridge across shore lands of the Columbia river, the lands being situated in Okanogan county and in which the ferry company had no interest. The ferry company, already an intervener in the case, filed amended objections demanding that the bridge company's action be dismissed altogether, but that, in the event the court permitted the bridge company to proceed, it first be required to pay $75,000 to the ferry company. Upon the trial of the case to a jury, at the conclusion of the testimony affecting the state's property sought to be taken, the court, upon objections on behalf of the bridge company, refused to permit the introduction of any evidence on behalf of the ferry company and dismissed its amended objections or complaint, without prejudice to any rights it may now have, or that may hereafter accrue in its favor, against the bridge company. McPherson Brothers Company, the ferry company, has appealed.

[1] As to the relief demanded by appellant, that the action on behalf of the respondent be dismissed altogether, the decision of the trial court was right. Nearly all of the objections now urged by the appellant were considered and determined in favor of the

respondent in former opinions of this court already referred to. The order of public necessity was affirmed; the franchise to operate a toll bridge at the place in question was declared to be valid, and it was further held that the right to operate a ferry nearby, as claimed by the appellant, does not preclude condemnation proceedings for the building of the bridge. It was further decided that the respondent, as assignee, had authority from the United States government to construct the bridge across the river at this place.

[2] Now, it is claimed that the consent of the Federal authorities to the construction and operation of the bridge has lapsed because construction was not commenced within the time provided by the act of Congress. It is so alleged in the appellant's objections. In this case, however, the respondent's right of eminent domain does not come from the Federal government, but from the state. It has complied with the state laws in that respect, has a franchise to build the bridge, and has been adjudged to have the right of condemnation. The supreme authority of the United States over navigable streams is in aid of commerce and navigation, and as applied to the present case, all questions of obstruction to navigation on this stream or forfeiture of permit to construct a bridge across a stream rest with the Federal authorities rather than with one who, like the appellant, will not be interfered with in this respect, as was decided in the former decision, it being therein said:

"It will be remembered that the bridge is some one thousand one hundred feet up the river from the ferry crossing. It will not in any wise interfere with the actual operation of the ferry."

[3] On the other branch of appellant's contentions, it will be remembered that this action was brought to

condemn and appropriate shore lands belonging to the state, in which appellant has no interest. The land is eleven hundred feet from appellant's ferry; the actual operation of the ferry will not be interfered with, and the preliminary order of necessity was affirmed on appeal, leaving thereafter in this case nothing for determination but damages to be paid to the state of Washington for its shore lands taken. The appellant is in no way interested in that matter, and the order dismissing its objections at the present time was proper. If appellant has any right of action against respondent for alleged impairment of its ferry franchise, it can and should be presented at an appropriate time in an independent action, the preservation of which right has been carefully guarded and saved by the terms of the order from which this appeal is taken.

Affirmed.

MACKINTOSH, C. J., FRENCH, and PARKER, JJ., concur.