THE STATE OF FLORIDA *ex rel.* W. H. ELLIS, ATTORNEY GENERAL, *Relator,* v. THE TAMPA WATER WORKS COMPANY, A CORPORATION, *Respondent.*

1. The terms of a contract for the rendering of a service of a public nature are subject to the right of the governmental authority under existing laws to regulate the rendering of the service and the charges made therefor.

2. Where the illegal provisions of an ordinance may be eliminated without affecting the usefulness of the ordinance for the purpose designed and without destroying a franchise granted by the ordinance for a useful public purpose, the ordinance should be given its proper effect.

3. Ordinances should be construed with reference to existing controlling law, and it must be assumed that a valid ordinance

was intended where there is nothing to indicate a distinct purpose to violate the law in adopting the ordinance.

4. A replication that merely denies the averments in the return to a writ of quo warranto that the respondent has substantially complied with the terms of the ordinance under which a franchise is used, is a violation of the statute forbidding a general denial of general averments of .performance of conditions precedent.

5. The provision of the State constitution that '"the legislature is invested with full power to pass laws for the correction of abuses and 'to prevent unjust discrimination and excessive charges by persons or corporations engaged as common carriers in transporting persons and property, or performing other service of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures," is applicable to waterworks companies engaged in furnishing water to a city and its inhabitants.

6. It is the duty of a company engaged in rendering service of a public nature to a city and its inhabitants to comply with all the reasonable requirements of the city in its lawful supervision and regulation of the service; and prompt compliance with such reasonable requirements may be enforced by mandamus.

7. The policy of the law is to require by mandatory process the performance by public utility corporations of their duties to the public; and in proper cases to withdraw by judicial procedure franchises that are being abused.

8. Franchises granted for useful public purposes will not in general be withdrawn by forfeiture except for abuses of such a nature as injuriously affect the public welfare or as violate the law or contract obligations contained in the grant.

9. Where the statutes afford adequate proceedings for determining whether franchises have been abused and should be forfeited, the Supreme Court will not ordinarily determine such questions where the initial right to use the franchise appears, and no good cause is shown for trying complicated issues of fact in the Supreme Court rather than in proceedings specially provided for in local courts with jury trials.

This case was decided by the court En Banc.

This is a case of original jurisdiction.

The facts in the case are stated in the opinion of the court.

*Glen & Himes*, for the Relator;

*Sparkman & Carter* and *P. O. Knight,* for Respondent.

WHITFIELD, J.—At the instance of the Attorney General a writ of *quo warranto* issued from this court commanding the Tampa Water Works Company to show by what warrant or authority it has used, and does use the privilege and franchises of using the public streets of the city of Tampa by maintaining and operating a system of pipes, mains and hydrants therein for the distribution and supply of water to the city of Tampa and the inhabitants thereof for public and private uses. To this writ the respondent made return and a demurrer thereto was overruled with leave to plead. State *ex rel.* Attorney General v. Tampa Water Works Co., 56 Fla. 858, 47 South. Rep. 358.

The relator has filed several replications to the return of the respondents and the replications have been demurred to.

The first replication alleges that the ordinances of the City of Tampa under which the franchise is exercised by the respondent are void because no notice of intention to levy a tax for the purpose specified in the ordinance was ever published as required by Chapter 3605, acts of 1885; and that a subsequent ordinance of the City of Tampa whereby a modification of previous

ordinances was undertaken, is void because the ordinance was never submitted to a vote of the freeholders of the city as provided by Chapter 4166, acts of 1893.

As stated in the former opinion the expressed purpose of the ordinance contract under which the franchise is being exercised is to secure to the City of Tampa and its inhabitants an abundant supply of good water for all purposes. Notwithstanding the terms of the contract, the service and the rate of charge are subject to regulation by law under the constitution. If the provision contained in the ordinance "that a sufficient tax shall be levied and collected annually" or other provision for tax levies or appropriations be void because notice of intention to levy a tax was not published, and if the attempted amendment of the contract be void because it was not submitted to a vote of the freeholders of the city, the provisions as to levying a tax and the amendment may be eliminated without affecting the usefulness of the ordinance for the purpose designed and without destroying the franchise granted to use the streets for a water works system to furnish the desired adequate supply of good water. See State *ex rel.* Lamar v. Dillon, 42 Fla. 95, 28 South. Rep. 781; City of Tampa v. Salomonson, 35 Fla. 446, 17 South. Rep. 581. The contract as made by the ordinance is subject to the regulation authorized by law. It must be assumed that a valid ordinance was intended. The ordinance must be construed with reference to existing controlling law. There is nothing to indicate a distinct purpose to violate the law in adopting the ordinance.

The second replication in effect denies the averments in the return that the respondent has substantially complied with the terms of the ordinance under which the franchise is used. This replication is a violation of the

statute forbidding a general denial of general averments of performance of conditions precedent. Section 1436 General Statutes.

The third and fourth replication specifically allege many important particulars wherein the respondent has failed to comply with the requirements of the ordinance under which the respondent enjoys the franchise.

In additional replications the relator alleges particulars wherein the respondent has not complied with the requirements of the city as to laying water mains and furnishing fire protection, and as to making reports of service rendered the individual patrons of the respondent under the franchise rights given by the city to respondent.

It is the duty of the respondent to comply with all the reasonable requirements of the city in its supervision and regulation of the service rendered by the respondent to the public, and prompt compliance with such reasonable requirements may be enforced by mandamus. Besides this the terms of the ordinance contract provide that upon default of the respondent in any of the conditions of the ordinance, it shall become null and void. This forfeiture may be enforced by proper judicial proceedings provided for that purpose. Section 30 of Article 16 of the constitution expressly provides that "the legislature is invested with full power to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons or corporations engaged as common carriers in transporting persons and property, or performing other service of a public nature; and shall provide for enforcing such laws by adequate penalties or forfeitures." This provision is applicable to water works companies engaged in rendering the public service here shown. City of Tampa v. Tampa Water

Works Co., 45 Fla. 600, 34 South. Rep. 631, 199 U. S. 241, 26 Sup. Ct. Rep. 23, 6 Current law 1872. The statute authorizes the city to regulate the rates for furnishing water to the public. See Chapter 5070 acts of 1901, section 1099 Gen. Stats. of 1906.

Apparently in obedience to the above constitutional mandate the legislature has made specific provision for proceedings in the Circuit Court by jury trials to determine questions as to the forfeiture of franchises received from municipalities for the use of its streets. Sections 1024 *et seq.* General Statutes. This remedy may be only cumulative, but it appears to be adequate and expeditious. It is expressly provided for by the constitution, and it contemplates a trial where facts can be conveniently determined in the first instance in the locality where the franchise is being exercised. The legislature gives the right to a jury trial.

While the constitution authorizes this court to issue writs of *quo warranto,* it also specially requires the legislature to provide for enforcing laws relative to the regulation of public service corporations, and this the legislature has in some measure at least done in the statute above referred to. The Circuit Court also has jurisdiction in *quo warranto* proceedings.

The writ in this case was issued at the instance of the Attorney General to test the existence of the franchise right, and that has been determined in favor of the respondent. The replication presents grave questions of serious dereliction of duty by the respondent that if proven may warrant a forfeiture of the franchise right, and the power of this court to determine those questions is not denied or even doubted; but as the legislature, pursuant to express command of the constitution, has provided an adequate remedy for acts of forfeiture in

such cases, it is proper that the tribunal affording such adequate remedy should be resorted to in the first instance, at least in the absence of a showing of special reasons why in this proceeding intricate questions of fact should be determined here with no procedure provided for that purpose. The policy of the law is to require by mandatory process the performance by public utility corporations of their duties to the public; and in proper cases to withdraw by judicial procedure franchises that are being abused. But franchises granted for useful public purposes will not in general be withdrawn by forfeiture except for abuses of such a nature as injuriously affect the public welfare or as violate the law or contract obligations contained in the grant.

The abuses alleged in the replications here are admitted by the demurrer for the purposes of testing the sufficiency of the pleading. The acts and omissions alleged appear to be within reasonable requirements for proper regulation and supervision as authorized by the statute, to the end that a service adequate to meet the reasonable demands of the public may be rendered without unjust discrimination and for only a reasonable compensation as contemplated by law. It is therefore the duty of the respondent to comply with the requirements, and such duty may be enforced by appropriate judicial process. In case of gross or wilful or persistent refusals or failures to comply with the lawful requirements of the city, the statute apparently affords adequate remedy in cases covered by it for withdrawing the franchise right granted by the city.

The demurrers to the replications, except the first and second, are overruled at the cost of the respondent; but in view of the issues of fact tendered, the expense and inconvenience and lack of prescribed procedure for

trying the issues here, and the apparent adequate and expeditious remedy afforded by the statute in the trial of such issues of fact in the Circuit Court in the locality where the franchise is being exercised, the Attorney General may desire to ask for a discontinuance of this proceeding with leave to the City of Tampa to take appropriate action to enforce its rights in the premises in the Circuit Court.

TAYLOR, COCKRELL, HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J. disqualified.

, REHEARING.

. PER CURIAM.—Upon application for rehearing the opinion heretofore filed upon the demurrer to the replications is modified so as to state that the failure of the respondent to comply with the ordinance requiring reports of service rendered to individual patrons of the respondent under the franchise rights given by the city to respondent as alleged in the second additional replication does not appear to be a ground of forfeiture. This duty of the respondent may be enforced by mandamus. As a result of this the demurrers to the first, second and second additional replications are sustained and the demurrers to the other replications are overruled. A rehearing is denied. .

This disposition of the cause leaves the remaining issues tendered purely issues of fact in the trial of which the parties have in the Circuit Court the right to a trial by jury, and inasmuch as such issues can be far more conveniently, economically and effectually tried and disposed of in the Circuit Court, the said cause is

hereby dismissed from this court but without prejudice to the right of the relator or of the municipality of the City of Tampa to proceed against the respondent in the Circuit Court for Hillsborough County for relief by mandamus or by *quo warranto,* or under the provisions of the statute in such cases provided, as may be advised, to enforce alleged duties of the respondent or to test the question of forfeiture of its franchise by non-user or misuser; the State of Florida to pay the cost of this proceeding here.

Orders to be entered accordingly.

WHITFIELD, C. J., and TAYLOR, HOCKER, JJ., and Hon. John W. Malone, Circuit Judge (sitting in the place of Mr. Justice SHACKLEFORD, disqualified) concur.

Mr. Justice COCKRELL concurs in the opinion except as to the dismissal.

Mr. Justice PARKHILL absent on account of illness.