M. A. OLDS, FRED CORDING, V. W. COOK, EARL JOHNS, E. L. SPHALER, J. L. SUNDAY, W. E. CRAWFORD, JOHN KEEN, AND E. D. M. PERKINS, as members of the Town Council of the Town of Pinecastle, *Plaintiff in Error*, vs. THE STATE OF FLORIDA, on the relation of V. W. Cole, as a resident, taxpayer, citizen and duly qualified elector of the Town of Pinecastle and of the County of Orange and State of Florida, *Defendant in Error*.

En Banc.

Opinion filed April 15, 1931.

Petition for rehearing denied May 16, 1931.

*Edward K. Goethe,* of Pinecastle, Fla. for Plaintiff in Error;

*H. T. P'Pool,* of Orlando, Fla. for Defendant in Error.

PER CURIAM.—An alternative writ of mandamus was issued by the Court below. A peremptory writ was awarded commanding members of the Town Council of Pinecastle, in Orange County, to hold a regular meeting of the Town Council under the provisions of Section 18 of Chapter 11085, Special Acts of 1925.

The peremptory writ was awarded after the Court had sustained a demurrer to the answer of the respondents, which set up that the Town of Pinecastle had legally surrendered its municipal franchise under Sections 3082 (1949), 3083 (1950) C.G.L. pursuant to an election held

under such statute at which more than two-thirds of all the votes cast at said election were cast in favor of surrender of the franchise, and a certificate of such result filed with the Secretary of State.

The defendant in error, who was a resident tax payer of the town, contends that where the Legislature of the State of Florida creates a city or town by special Act of the Legislature that such city or town may not thereafter surrender its franchise by complying with the provisions of the Sections of the statutes (3082, 3083, C.G.L.; 1949, 1950 R.G.S.) which read as follows:

"Any city or town incorporated under the laws of this State may surrender its franchise in the following manner: Upon petition of one-third of the registered voters of such city or town, the mayor shall issue a proclamation ordering an election to be held in such city or town on a day not less than thirty nor more than sixty days from the issuance of the proclamation. Those wishing to vote in favor of a surrender shall have written or printed on their tickets the words 'For Surrender of the Franchise,' and those wishing to vote against a surrender shall have written or printed on their tickets the words, 'Against Surrender of Franchise.' The election shall be conducted, and the returns canvassed, under such rules and regulations as the town or city counsel may prescribe. If two-thirds of the votes cast at such election shall be in favor of the surrender of such franchise they shall stand and be deemed surrendered from the thirtieth day after the election.

"It shall be the duty of the city or town council to cause to be entered upon the minutes of its proceedings, immediately after the result of said election is declared, a certificate or declaration of the result thereof, and they shall also transmit a certified copy thereof to the Secretary of State, and if the result is in favor

of a surrender he shall give notice in two gazettes of such surrender and record such certificate in a book to be kept for that purpose.''

It is further contended that to construe such sections as authorizing the surrender of a franchise created by special Act, as distinguished from one obtained under the general Laws (Sections 2935 to 3141 C.G.L.) would be an unlawful and unconstitutional delegation of legislative power violative of the rule referred to in the case of State ex rel. Davis, Attorney General, v. Homestead, 127 So. 323, 99 Fla. 1092, 130 So. 28.

By reference to the language of the statute it appears that its provisions apply to *"any* city or town incorporated under the laws of this State.'' Undoubtedly this language might not be given its broadest meaning if to do so would render the statute of doubtful constitutionality. In re: Seven Barrels of Wine, 83 So. 627, 79 Fla. 1. But if the plain meaning of the language used will not have such effect, there is no authority in this court to refuse to follow its clearly expressed intent, as gathered from the words employed.

The statute in question is a general and permanent law. While the legislature has power under Section 8 of Article VIII, to incorporate cities and towns by Special Act, no reason is perceived why such incorporation by special act may not be done subject to the operative provisions of a general law, providing a method by which "any" city or town may surrender its franchise, subject to a vote of its inhabitants, provided its debts and obligations are not thereby impaired.

There is nothing more than a different application of the general principle approved by this Court in the case of State ex rel. Cheney v. Sammons, 57 So. 196, 62 Fla. 303, where the court said:

"The legislature may make a law complete in itself to take effect by its own terms upon the happening of a contingency of a stated affirmative vote at an election therein provided for."

Recognizing, as we must, the authority of this holding, no constitutional reason appears to exist which would operate as an inhibition on the power of the legislature to pass a local act creating a city or town and providing for it to continue in corporate existence only so long as the inhabitants of such city or town shall desire to enjoy and exercise its franchise, by inserting in that same local act provision for a surrender of the municipal franchise upon the happening of a stated contingency, such as the affirmative result of an election.

If the legislature can so provide in one local act, it has undoubted power to so provide by a general law, with which a particular local act may be considered in *pari materia*.

To extend the territorial limits or powers of a city or town under a delegation to the town authorities of legislative power so to do is one thing, but to provide by general law for the surrender of a municipal charter or franchise so as to terminate corporate existence is entirely different.

In the first instance only the legislative will can fix the powers or define the jurisdiction, notwithstanding the taking effect thereof when determined may be made to depend on some stated contingency.

In the latter case the legislative will to abolish a city or town whose inhabitants no longer desire it is completely exercised in such a general law as that to which we have made reference. Only the taking effect of such legislative will is left to the contingency of a local vote, which is not invalid as an unlawful delegation of legislative power.

We must therefore hold, that, in the absence of some express or necessarily implied limitation found in the special charter itself, which under Sec. 24, Act III of the Constitution, takes such a charter out of the general effect of Sections 3082 and 3083 C.G.L., that a city or town created by special Act may surrender its franchise in the manner provided by these sections which are found in the general and permanent laws of the State relating to cities and towns.

The judgment is reversed with directions to overrule the demurrer to the answer to the amended alternative writ of mandamus and for further proceedings in accordance with this opinion.

Judgment reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND ° BROWN, J.J., concur.