Town of San Mateo City, *et al.*, v. State, *ex rel*. Cary D. Landis, Att'y Gen'l, *et al.*

158 So. 112.
Opinion Filed December 6, 1934.
Petition for Rehearing Denied December 29, 1934.

*Julian C. Calhoun, Richard W. Ervin, Jr.,* and *J. H. Millican, Jr.,* for Plaintiffs in Error;

*J. J. Canon* and *Hilburn & Merryday,* for Defendants in Error.

WHITFIELD, J.—This writ of error was taken to a judgment of ouster in quo warranto proceedings brought by the Attorney General of the State to effectuate a legislative enactment as follows:

"AN ACT to Abolish the Town of San Mateo City, Florida, and to Make Provision for the Protection of Its Creditors; to Provide for the Holding of an Election to Determine Whether This Act Shall Take Effect; to Provide for the Qualifications of the Electors to Participate in Said Election; to Provide for the Appointment of Clerk and Inspectors of Said Election; to Provide for the Calling and Giving Notice of Said Election.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF FLORIDA:

"Section 1. That the Town of San Mateo City, situated in Putnam County, Florida, be and the same is hereby abolished.

"Section 2. That the County Commissioners of Putnam County, Florida, are hereby required, annually, to ascertain and levy sufficient millage upon the real and personal property situate within the territorial boundaries of said San Mateo City, to meet all outstanding obligations of said municipality, and to provide for the payment of interest and the creation of a sinking fund to pay the principal of all bonded indebtedness of said municipality.

"Section 3. The said taxes shall be assessed, levied and equalized in the same manner and at the same time as State and County taxes are levied, assessed and equalized by said Board of County Commissioners of Putnam County, Florida.

"Section 4. That the Tax Collector of Putnam County, Florida, shall collect the taxes levied, as aforesaid, and shall pay the same over to the Board of Bond Trustees of Putnam County, Florida; that the said Board of Bond Trustees of Putnam County, Florida, for the purpose of this Act, are hereby constituted, designated and appointed as Trustees of all funds, money and credits now belonging to the said Town of San Mateo City, and taxes hereafter assessed, levied and collected, for the use and benefit of the creditors of the said Town, and the said Board of Bond Trustees of Putnam County, Florida, in their name as such, are hereby empowered to sue for and collect all moneys, funds and credits due and owing to said Town of Mateo City.

"Section 5. The said Board of Bond Trustees of Putnam County, Florida, is hereby authorized, out of funds coming into its hands for that purpose, to pay the debts of said Town and take acquittances therefor, and are hereby required to account for all moneys received for said pur-

poses, at the same time and in the same manner, as they are required to account for other moneys received by them on behalf of Putnam County, Florida.

"Section 6. That the tax roll of the Town of San Mateo City for the tax year 1933, is hereby abolished, and the said County Commissioners of Putnam County, Florida, are hereby required to levy the taxes hereinbefore mentioned, for the purposes aforesaid, commencing with the tax year 1933; that the tax roll of Putnam County, Florida, as annually made and prepared by the Tax Assessor of Putnam County, Florida, and equalized by said Board of County Commissioners, shall be the tax roll upon which all taxes hereby provided for, shall be levied.

"Section 7. This Act shall take effect immediately upon its ratification by a majority of the people owning land in the said Town of San Mateo City at the time of adjournment of the present session of the Legislature of the State of Florida, who are 21 years of age (actually voting) at an election to be held in said town on the second Tuesday in July, A. D. 1933.

"Section 8. The Mayor of said town shall make up or cause to be made up a list of all persons (as nearly as may be) over the age of twenty-one years who own land in said town, which list shall be delivered to the Clerk and Inspectors of said election for their assistance in determining the persons who are qualified to vote at said election, provided that all persons who own land in said town and are over twenty-one (21) years of age shall be permitted to vote at said election whether their names are contained on said list or not, or whether they are registered voters and have paid their poll taxes or not.

"Section 9. The Mayor of said town shall appoint the Clerk and Inspectors of said election and shall issue his

proclamation calling said election to be held on the second Tuesday in July, A. D. 1933, at a voting place to be therein designated in said town, and shall therein designate the Inspectors and Clerk to hold said election, which said notice shall be posted at or near the main entrance to the building in which the Post Office is located, and may give such further publicity as in his judgment may appear advisable.

"Section 10. The Mayor of said town shall have printed and delivered to the said Clerk and Inspectors of election a ballot to be used at said election by those voting therein, which said ballot shall be so prepared and arranged as to give the voters at said election an opportunity, by its use, to express their will for or against the ratification of this Act.

"Section 11. The holding of said election, the canvassing of the returns thereof, the time of opening and closing the polls shall be held as nearly as may be in accordance with the laws of the State of Florida governing general elections, except as otherwise herein provided.

"Section 12. If a majority of the persons owning land in said town, who are over twenty-one (21) years of age (actually voting at said election) shall vote in favor of the ratification of this Act, then this Act shall become a law and be effective, otherwise it shall not become a law..

"Became a law without the Governor's approval."

A statute which has been duly enacted and is complete in its provisions for legal and practical operation may by the statute itself be made to become operative upon the happening of a lawful contingency such as a stated vote of the electors or property owners of the appropriate governmental entity. Nabb v. Andreu, 89 Fla. 414, 104 So. 591; Olds, et al., v. State, ex rel., 101 Fla. 218, 133 So. 641.

Section 18, Article III, of the Constitution is as follows:

"No law shall take effect until sixty days from the final adjournment of the session of the Legislature at which it may have been enacted, unless otherwise specially provided in such law."

The provisions that the enactment shall take effect upon its ratification by a majority "of the people owning land in the said Town of San Mateo City at the time of adjournment of the present session of the Legislature of the State of Florida, who are 21 years of age (actually voting) at an election to be held in said town on the second Tuesday in July, A. D. 1933," do not make an unreasonable or arbitrary classification of those who are to determine by vote the contingency upon which the enactment shall become operative, even if the provisions may be interpreted to permit owners of land who are twenty-one years of age, but who are not qualified electors in the municipality to vote at the election called under the statute to approve or disapprove the enactment to abolish the municipal government and to provide for paying its debts. See State, *ex rel.* Cheyney v. Samson, 62 Fla. 303, 57 So. 196.

There is nothing in the statute to impair the purity of the ballot designed to be preserved by Section 9 of Article VI of the Constitution, or to violate Section 26 of Article III.

The statute relates to a municipality, provides for paying its debts, and only incidentally to the jurisdiction and duties of county officer, therefore neither Section 8, Article VIII, nor Sections 20 and 21, Article III, of the Constitution is violated. State, *ex rel.* McQuaid v. Commissioners of Duval County, 23 Fla. 483, 3 So. 193; Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

The statute fixed the day for the election to determine whether the Act should become effective, and the mechanics

of calling and preparing for the election by one who was *de facto* mayor, claiming to be the *de jure* mayor, do not render the election illegal in the absence of a showing of fraud or illegal conduct in holding the election or in making a canvass and return and declaration of the result of the election.

Affirmed.

Davis, C. J., and Terrell and Buford, J. J., concur.

Davis, C. J. (concurring).—I concur in the judgment of the Court and also in the opinion prepared by Mr. Justice Whitfield. And in view of the nature of the point involved I feel it altogether appropriate to state the reasons upon which the conclusion reached may be justifiedly supported as against the charge that the Legislature has unlawfully delegated its powers to a local referendum plebiscite.

The Legislature has undoubted power under Section 8 of Article VIII of the State Constitution to abolish the municipality of San Mateo City without a referendum. This power is conceded by the plaintiffs in error in their brief. Therefore, if the Legislature had the absolute power to abolish the Town of San Mateo City without a referendum, it had the right to exercise that power conditionally as well as absolutely. This is so, because whatever the Legislature has absolute power to do in the way of enacting laws, it can conditionally do, either by prescribing a condition precedent or a condition subsequent upon which a law complete in itself can only become effective.

Which then are the conditions which the Legislature may attach to laws as valid conditions to their becoming effective? I think the answer to this proposition is to be found in the suggestion that wherever the Legislature can properly take into consideration as a valid reason for enacting

or refusing to enact a law as a matter of legislative policy, can be written into the law when it is passed as a condition precedent to its becoming effective.

It must be remembered at the outset that this case having reference to the abolishment of a municipality under Section 8 of Article VIII of the Constitution is not controlled by the holdings of this Court in the cases of Pitts v. Belote, 108 Fla. 292, 146 Sou. Rep. 380; Thomas v. Mills, 107 Fla. 385, 144 Sou. Rep. 882, Swanson v. Therrell, 112 Fla. 474, 150 Sou. Rep. 634, and State, *ex rel.* Coarsey v. Harrison, 107 Fla. 20, 144 Sou. Rep. 316.

Without doubt the Legislature could have properly determined to exercise its powers to abolish the Town of San Mateo City only upon the condition that it should be informed that such was the wish of the owners of property within the city. It is therefore immaterial whether the property owners are resident or non-resident, because the Legislature having absolute power in the premises could withhold the exercise of it on any condition it might see fit, such as the condition that the wishes of the property owners in the locality be first consulted and ascertained.

The Legislature had the option of either investigating the wishes of the property owners while the Legislature was in session through the medium of appointing a committee to hear delegations for and against the passage of the Bill after it was introduced, or it could have done exactly as it did in this case, namely, pass a law conditionally and leave for future determination at an election whether or not the law should ever become effective in the light of the condition that the Legislature saw fit to attach to its effectiveness.

I do not think it can be said that in a case where the Legislature has power to enact a law or withhold its enactment

upon the basis of facts which it might have determined for itself while the Legislature was in session, the postponement of the ascertainment of those facts through the medium of a condition attached to the law's becoming effective would render the Bill unconstitutional, as an invalid delegation of legislative power to the people.

Here the Legislature decided that it would only abolish the City of San Mateo if that object should be desired by a majority of all the property owners within the city. Being without means of ascertaining the wishes of all the property owners at the time the law was pending in the Legislature, it simply put off to a future date the ascertainment of a fact that had it then been known, would have caused the Legislature to exercise its power in the premises. The law was complete in all its details when it left the legislative body. Its effectiveness, however, was conditioned upon it being officially ascertained through the medium of an agency prescribed by the Legislature for that purpose whether or not the exercise of the legislative power was approved by a majority of the persons owning land in the town who were over twenty-one years of age, whether resident or non-resident, or legal voters for ordinary elections or not.