**NICK BROWN, doing business as RAINBOW TAVERN, et al., v. THE CITY OF TAMPA, a municipal corporation, et al.**

6 So. (2nd) 287                                    En Banc
February 10, 1942

Whitaker Brothers and McKay, Macfarlane, Jackson & Ferguson, for petitioners.

Alonzo B. McMullen & Ralph A. Marsicano, for respondents.

CHAPMAN, J.:

From an order dated November 19, 1941, entered by the Circuit Court of Hillsborough County, Florida, holding valid and denying an injunction to restrain the enforcement of an Ordinance No. 804-A, enacted October 7, 1941, by the City of Tampa, an application has been made here under Rule 34 to have reviewed by this Court the aforesaid interlocutory order.

The challenged Ordinance is viz.:

"Ordinance No. 804-A

"An Ordinance to Prohibit the Sale of All Alcoholic Beverages Within the City of Tampa on Sunday.

"Be It Ordained by the Board of Representatives of the City of Tampa:

"Section 1. That it shall be unlawful to sell or barter any beer, wine, liquor or other alcoholic beverages within the City of Tampa on Sunday.

"Section 2. Any person, firm, or corporation violating Section 1 hereof shall be punished by imprisonment not to exceed ninety days or fine not exceeding $200.00, or both fine and imprisonment in the discretion of the Court. Each sale shall constitute a separate offense.

"Section 3. This ordinance shall not apply to a sale made by a drug store for medicinal purposes on prescription of a regularly licensed practicing physician.

"Section 4. This ordinance shall go into effect if a majority of the votes cast for and against it at the general election to be held in the City of Tampa,

November 4, 1941, are for its ratification. But in the event a majority of the votes cast are not for ratification, it shall be in effect in any district of the City in which a majority of the votes cast for and against it are for ratification.

"Section 5. There shall be placed on the general election ballot for the general election to be held in the City of Tampa on the 4th day of November, 1941, the following question, to-wit:

"For ratification of Ordinance No. .......... (here insert number of this ordinance) prohibiting the sale or barter of any alcoholic beverage within the City of Tampa on Sunday.

"Against ratification of Ordinance No. .......... (here insert number of this ordinance) prohibiting the sale or barter of any alcoholic beverage within the City of Tampa on Sunday and provision shall be made so that the voter may indicate his choice by making a cross (x) opposite the side of the question voted for.

"Section 6. This ordinance shall be published as provided by law."

It is disclosed by the record that on the 4th day of November, 1941, at a General Election held in the City of Tampa when the adoption or rejection of the aforesaid ordinance was balloted upon by the qualified electors of said city, 5,791 votes were cast against the adoption and for the rejection thereof, and 3,558 votes were cast for the adoption and against the rejection. The ordinance prohibiting the sale of all alcoholic beverages in the city wide election was rejected or disapproved by a majority of 2,233 votes. Districts Nos. 2, 3, 8, 11, and 12 of said City each reflected majorities for the adoption of the ordinance, while Districts Nos. 1, 4, 5, 6, 7, 9, and 10 each re-

flected majorities against the adoption of said ordinance.

The power of the City of Tampa to enact the challenged ordinance is not questioned. It is permissible to make the effective date of a statute or ordinance contingent upon a ratification by a majority vote of the qualified electors of a municipality at an election therein provided for. See State ex rel. Cheyney v. Sammons, 62 Fla. 303, 57 So. 196; Nabb v. Andreu, 89 Fla. 414, 104 So. 591; Olds v. State, 101 Fla. 218, 133 So. 641; City of Winter Haven v. State ex rel. Landis, 125 Fla. 392, 170 So. 100; Voorgees v. City of Miami, 145 Fla. 402, 199 So. 313. An ordinance appearing to be regular on its face is presumed to be valid. See State ex rel Taylor v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; Moon v. Smith, 138 Fla. 410, 189 So. 835.

It is to be observed from the result of the election that the ordinance prohibiting the sale of all alcoholic beverages within the City of Tampa on Sunday was not ratified or adopted by the electors and never became effective. It is contended that it is effective and operative in Districts 2, 3, 8, 11, and 12 of said City. Likewise the argument is advanced that the ordinance is not effective because the electors of Districts 2, 3, 8, 11, and 12 did not vote or express their views on District prohibition but on city wide prohibition. The allegations of the bill of complaint seeking a restraining order against the enforcement of the ordinance sustains this inference. The occurrence of the contingency making effective the challenged ordinance has not been made to appear. Whether or not a penal ordinance is effective and in force by a municipality should be free from all doubt and uncertainty.

Section 12 of the Declaration of Rights of Florida provides that no person shall be subject to be twice placed in jeopardy for the same offense . . . nor deprived of life, liberty or property without due process of law. Due process of law requires that a person charged with an offense against a municipal ordinance shall be duly advised of the nature and cause of the accusation against him. See Wright v. Worth, 83 Fla. 204, 91 So. 87. The ordinance challenged appears to have been enacted by the City of Tampa, but there is nothing to establish the happening of the contingency which rendered it effective, and for this reason the ordinance is rendered invalid. It is upon this point that the chancellor below declined to restrain the enforcement of the invalid ordinance and this was error.

The petition for an interlocutory writ of certiorari is granted and the challenged order is quashed, with directions that an appropriate order be entered by the chancellor below restraining the enforcement of the invalid ordinance.

It is so ordered.

BROWN, C. J., BUFORD, THOMAS and ADAMS, JJ., concur.

WHITFIELD, J., dissents.

TERRELL, J., not participating.

WHITFIELD, J., dissenting:

This is an application for an interlocutory writ of certiorari under Rule 34 to review an order denying a temporary injunction to restrain the enforcement of an ordinance of the City of Tampa adopted "to prohibit the sale of all alcoholic beverages within the City of Tampa on Sunday."

The sections of the ordinance are as follows:

"Section 1. That it shall be unlawful to sell or barter any beer, wine, liquor, or other alcoholic beverages within the City of Tampa on Sunday.

"Section 2. Any person, firm, or corporation violating Section 1 hereof shall be punished by imprisonment not to exceed ninety days or fine not exceeding $200.00, or both fine and imprisonment in the discretion of the Court. Each sale shall constitute a separate offense.

"Section 3. This ordinance shall not apply to a sale made by a drug store for medical purposes on prescription of a regularly licensed practicing physician.

"Section 4. This ordinance shall go into effect if a majority of the votes cast for and against it at the general election to be held in the City of Tampa, November 4, 1941, are for its ratification. But in the event a majority of the votes cast are not for ratification, it shall be in effect in any district of the City in which a majority of the votes cast for and against it are for ratification.

"Section 5. There shall be placed on the general election ballot for the general election to be held in the City of Tampa on the 4th day of November, 1941, the following question, to-wit:

"For ratification of Ordinance No. _____ (here insert number of this ordinance) prohibiting the sale or barter of any alcoholic beverage within the City of Tampa on Sunday.

"Against ratification of Ordinance No. _____ (here insert number of this ordinance) prohibiting the sale or barter of any alcoholic beverage within the City of Tampa on Sunday, and provision shall be made so

that the voter may indicate his choice by making a cross (x) opposite the side of the question voted for.

"Section 6. This ordinance shall be published as provided by law."

It is contended for petitioner "that the Ordinance itself does not provide for district prohibition but simply provides for city-wide prohibition on Sunday, and that none of the provisions of the Ordinance can be enlarged or added thereto by a vote of the people. That the Ordinance denounced and made unlawful the sale of alcoholic beverages on Sunday in the entire city but it did not denounce or make unlawful, or make provision for the prohibition of the sale of alcoholic beverages on Sunday in any particular district or districts of the City. It is only by virtue of erroneous construction, indulging in inference or implication, that such Ordinance itself does create a crime for selling alcoholic beverages in a particular district on Sunday; the City-wide measure having been defeated, prohibition had been rejected by the voters. This vote of the people destroyed the effectiveness of the only provision of the Ordinance, making sale of alcoholic beverages unlawful, namely Section 1 thereof. An ordinance can not create a crime unless plain provision therefor is incorporated therein. Likewise, the crime must be created by clear, unequivocal and unambiguous language. No such provision making it a crime to sell alcoholic beverages in a particular district in Tampa on Sunday is anywhere to be found in said Ordinance."

Unless the contrary appears on its face, it must be assumed that a duly adopted city ordinance, like a statute, was intended to be legal in its contents and its operation. Like a statute, the valid intent of an

ordinance is the law within controlling limitations; and if possible should be so interpreted as to be legal and operative. See State v. York, 90 Fla. 625, 106 So. 418; State v. City of Jacksonville, 101 Fla. 1241, 133 So. 114; State v. Rose, 97 Fla. 710, 122 So. 225; State v. County of Gadsden, 63 Fla. 620, 58 So. 232; City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769; State v. Tampa Water Works Co., 57 Fla. 533, 48 So. 639, 22 L.R.A. (N.S.) 580; State v. Tampa Water Works Co., 56 Fla. 858, 47 So. 358, 19 L.R.A. (N.S.) 183; State v. Quigg, 94 Fla. 1056, 114 So. 859.

Chapter 16774, Acts of 1935, "regulating and taxing the manufacture, distribution and sale of beverages containing more than one per centum of alcohol, creating and providing for a State beverage department, providing penalties for the violation of this Act and repealing existing laws concerning such beverages," was authorized by amended Article XIX of the amendments to the Florida Constitution adopted in 1934; and such statute expressly and specifically provides in Section 11(k) thereof;

"The sale of intoxicating liquors between the hours of 12:00 P.M. Saturday and 12:00 P.M. Sunday, is hereby prohibited except in incorporated cities and towns. Such incorporated cities and towns are hereby authorized by ordinance or resolution hereafter to regulate or prevent such sales."

Under such statutory provision incorporated cities and towns have authority to regulate or prevent in all or a portion of the municipalities respectively the sale of intoxicating liquors on Sunday by ordinance or resolution, either with or without an approving vote of the electorate, therefore the ordinance here challenged should be interpreted with reference to the

nature and extent of the statutory authority conferred upon the incorporated city "by ordinance or resolution hereafter to regulate or prevent such sales."

The title and provisions of Chapter 16774, Acts of 1935, are legally sufficient to authorize municipal regulation or prohibition of the sale of intoxicating liquors within a municipality on Sunday whether all the municipal regulations or a portion thereof cover the whole or a part of the city. The title of the ordinance need not state matters properly connected with the subject expressed in the title, and as such properly connected matters may be included in the enactment, the title affords notice that the regulated subject expressed therein may be made applicable to all or to a portion of the area "within the city" upon an approving vote of the city electorate or of a district electorate, as the case may be. Districts appear to be the legal divisions of the areas "within the city." Similar authority was provided for and enforced in the original Article XIX of the Constitution. See Wilkins v. State, 75 Fla. 483, 78 So. 523.

The title of the ordinance is not misleading and the regulations contained in the ordinance are not in whole or in part repugnant to, or inconsistent with, the subject as expressed in the title of the ordinance, but are matters properly connected with the subject as expressed in the title, therefore the ordinance does not violate the provision of the Charter Act that "All ordinances and resolutions, except ordinances making appropriations, shall be confined to one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

The ordinance is complete in itself to be effective throughout the city or in some districts therein upon

an approving vote of a majority of the electors of the city or in districts within the city where there is a majority vote of approval in such districts. Sale of alcoholic beverages in a district in the city is certainly a sale "within the city." And such sale in a district within the city on Sunday is forbidden by the ordinance and not by a vote of the electors in the district.

For a fair expression by a vote of the electorate it is not necessary to have a separate vote to determine whether the ordinance should be effective in a district if not made effective in the entire city, for the reason that the ordinance within the authority given by the statute provides that the ordinance shall go into effect if a majority of the votes cast for and against it . . . are for its ratification. But in the event a majority of the votes cast are not for ratification, it shall be in effect in any district of the city in which a majority of the votes cast for and against it are for ratification." Such provision is matter properly connected with the subject expressed in the title of the ordinance, which is "to prohibit the sale of all alcoholic beverages within the City of Tampa on Sunday." The title of the ordinance is not misleading as to any provision in the ordinance and is legally sufficient to cover all the provisions of the ordinance, all being germane to, and none repugnant to, the subject expressed in the title. The penalties are applicable to violations of the ordinance in the districts in which a majority of the electorate votes for ratification of the ordinance, even if a majority of the vote cast in all the districts of the city be against ratification.

The provision of Section 1 of the ordinance, "That it shall be unlawful to sell or barter any beer, wine,

liquor or other alcoholic beverages within the City of Tampa on Sunday," is as applicable in any one or more of the districts "within the city" in which a majority of the votes cast in such district or districts in the city are for ratification, as the section is applicable to all the districts within the city, if a majority of the votes cast by the electors in the city be for ratification of the ordinance.

It seems clear that the ordinance is not, as asserted, so ambiguous, uncertain, vague, indefinite and unintelligible that it amounts to a nullity.

Private property is acquired and held subject to the sovereign power of the State, within the limitations of controlling law, to provide and enforce reasonable regulations to conserve the general welfare. The business of selling alcoholic beverages is not an inherent right; and such business and the property used therein are at all times subject to authorized reasonable governmental regulation in the interest of order and the public good, as may be duly provided by applicable law.

The ordinance in this case is a reasonable provision for the exercise of the authority conferred upon the city by Chapter 16774, Acts of 1935, pursuant to Amended Article XIX of the State Constitution adopted in 1934; and such ordinance is by its terms operative in any district within the city in which the majority vote of the electorate in such district is cast in favor of ratification of the ordinance. The statute does not require an ordinance forbidding the sale of intoxicating beverages within the city on Sunday to be ratified by the electorate of the city or of a district within the city before the ordinance is effective in the city or in a district within the city; and the voluntary

submission of the question of ratification of the ordinance to the electorate of the city does not affect the authority of the city to provide in the ordinance that when the question of ratification of the ordinance is submitted to the electorate of the city, the ordinance shall be effective in any district within the city in which district a majority of the vote cast is for ratification of the ordinance.

In this case of voluntary submission to the electorate it is not shown that any portion of the electorate of the city was misled or reasonably could have been misled by the plain terms of the ordinance adopted under the controlling statute. Nor is it shown that in the adoption or publication of the ordinance any one was misled or reasonably could have been misled by the title or the contents of the ordinance. The ordinance was adopted by the authorized legislative body of the city and not by the electorate. A referendum was provided for in the ordinance to determine whether the ordinance shall take effect in the city or in any districts "within the city." Such an ordinance is within the authority conferred upon the city by statute.

The Constitution and the statute authorize the municipalities by ordinance or resolution to regulate the sale of intoxicating liquors within their respective limits, and the courts cannot legally forbid the exercise of such authority when no superior controlling law is violated by the ordinance or resolution.

Certiorari should be denied.