PER CURIAM.
These cases were consolidated on appeal. One was an interlocutory appeal from an order granting temporary injunction, and the other an appeal from a final judgment. The parties stand in the same position in both appeals. The appellant, City of Miami Beach (hereinafter, City) seeks review of a judgment of the Dade County Circuit Court which ruled on the validity of each of two municipal ordinances at issue here, and further, permanently enjoining the City from allowing one of its agencies to proceed under that ordinance which was held invalid.[1]
*521 The issue arose on the following facts. On June 5, 1967, the City passed Ord. No. 1652 in order to set up a Tourist Development Authority (hereinafter, T.D.A.) whose function it would be to administer the funds collected pursuant to an authorized resort tax. Ord. No. 1652 provides for modification of its provisions in § 41.70, which reads as follows:
“METHOD OF REPEAL.
“This ordinance may be amended, supplemented or changed only by a four-fifths (4/5) vote of the Authority plus a five-sevenths (5/7) vote of the City Council.”
Because of internal friction within the T.D.A., certain attempts were made by the City to change some of the provisions in Ord. No. 1652 so that some degree of harmony could be engineered into the structure of the agency, but these attempts admittedly failed. Thus not being able to change certain aspects of Ord. No. 1652 by acting within the framework of the ordinance itself, the City sought a different means by which it could alter some of the provisions of this ordinance. A new ordinance, numbered 1707, was enacted on September 4, 1968, and within its text contained new provisions not present in Ord. No. 1652.[2] In so passing Ord. No. 1707, the City acted upon the premise that Ord. No. 1652 was itself invalid and therefore, the provisions of § 41.70, regulating subsequent amendments (such as those contained in Ord. No. 1707) need never have been complied with.
Whether or not Ord. No. 1652 is valid is the basic issue of law before us. The appellant contends that Ord. No. 1652 was invalid ab initio because the State Legislature’s enabling act, Chapter 67-930, 1967 General Laws of Florida, which sanctioned the resort tax and the creation of an agency to administer the tax revenues, did not become effective until subsequent to the effective date of Ord. No. 1652. We must reject this argument on the basis of the facts and the common law of Florida.
Section 41.71(3) of Ord. No. 1652 reads as follows:
“The health and welfare of the City being in peril, the three readings of this ordinance shall be had in one session and the City Council finding that this ordinance is necessary for the immediate protection of its citizens, it shall therefore *522 go into effect immediately upon House Bill 2356, or substitute therefor, now pending in the Legislature becoming a law.”
This section alone readily shows that the ordinance in question could not have become effective prior to the State Legislature’s general law which enabled the ordinance. The effective date of the ordinance was contingent on the enabling act “becoming a law”, § 41.71(3), supra. Therefore, when Chapter 67-930 did become a law on September 14, 1967, only then and not before did Ord. No. 1652 become effective as a viable ordinance. No duties were carried out by the T.D.A. prior to September 14, 1967, and no resort taxes were collected prior to that date.
 Although this type of contingency in a municipal ordinance has not been reviewed in courts of this state before, the question of contingent operation of an ordinance or statute is not a new one. It is axiomatic that the State possesses the inherent power to tax, and a municipality may exercise the taxing power only to the extent to which such power has been specifically granted. City of Miami v. Kayfetz, 158 Fla. 758, 30 So.2d 521. Predicating the effectiveness of a municipal ordinance upon constitutionally sanctioned prerequisites, such as freeholders’ elections, has been held to be a valid contingency. Brown v. City of Tampa, 149 Fla. 482, 6 So.2d 287 (majority of voters in a general election needed to ratify ordinance, held, a valid contingency) ; Gillete v. City of Tampa, Fla. 1952, 57 So.2d 27 (municipal act which was contingent upon the approval of registered freeholders expressed by petition where issue was extension of territorial boundaries of City, held a valid contingency). And in Gaulden v. Kirk, Fla. 1950, 47 So.2d 567, where the tax levying legislation was contingent on two other separate acts first becoming law, the court said:
“The universal rule is that, Tn the absence of constitutional or statutory provisions to the contrary, statutes may become effective on the happening of certain conditions or contingencies specified in the act, or implied therefrom, [citations omitted]’ ” Id. at 575.
The City has placed great reliance on our decision in Fried v. City of Miami Beach, Fla.App.1968, 212 So.2d 308, cert. denied, Nov. 8, 1968, 219 So.2d 699, and contends that the Fried case dictates that we now hold Ord. No. 1652 to be invalid. A closer examination of the Fried case will show that such reliance is misplaced. In Fried, Miami Beach City Ordinance No. 1619 was held as invalid because it was a duplication interdicted by Chapter 212, Fla.Stat. F.S.A. Moreover, the enabling legislation for Ord. No. 1619 was passed subsequent to the effective date of the ordinance itself, just as in the case sub judice. We held that this fact did not validate actions under the ordinance which occurred prior to the enabling act, but that it was a sufficient basis for denial of plaintiff’s request for permanent injunction against the excise tax whose levy was provided for in the ordinance. In other words, the plaintiff in Fried contesting the validity of Ord. No. 1619 had no claim after the passage of the enabling legislation; his claim as to monies collected before such enabling legislation was valid and we affirmed the trial court’s action of refunding amounts collected prior to the effective date of the enabling act. Therefore, it can readily be seen that Fried does not require us to hold Ord. No. 1652 invalid by virtue of the fact that the enabling legislation became effective prior to the passage (as opposed to the effective date) of the ordinance.
In conclusion then, we hereby hold that the City’s enactment of Ord. No. 1652, on a date prior to the enabling act becoming a law, was a valid exercise of authority because of the contingency proviso contained in § 41.73(3), supra. The Legislature has the power to breathe life into an ordinance which is otherwise valid but *523 for the specific enabling act required by the Constitution. Actions pursuant to such an ordinance which occur prior to the enabling act are, of course, without force or effect. However, no such acts are complained of here, and we affirm both the order and the judgment of the trial court because the amended or second ordinance was not passed by the required majority vote.
Affirmed.

. “ORDERED AND ADJUDGED AS FOLLOWS:
“The Ordinance numbered 1652 which was enacted by the council of the City of Miami Beach preceded the Enabling Act of the Florida Legislature, Chapter 67-930. However, the effective date of the above Ordinance was subsequent to the effective date of said Enabling Act. The Ordinance numbered 1652 as aforesaid is determined and declared by the Court to be valid and a binding legislative act of the governing body of the municipality of Miami Beach, and any official acts *521 and official conduct of the Tourist Development Authority created under said Ordinance are declared to be valid, binding and of full force and effect.
“The subsequent Ordinance numbered 1707 is invalid, illegal and void in that the enactment thereof was contrary to the Enabling Act and the Ordinance numbered 1652, and the rules and regulations of the Tourist Development Authority created thereunder. The invalidity of Ordinance numbered 1707 has been established and proved by the Plaintiffs beyond a reasonable doubt.
“The Enabling Act and Ordinance numbered 1652, and the rules and regulations of said Tourist Development Authority enables said Authority, the Council, and the people of said community to enlarge or reduce the membership of the Authority; however, the enlargement or reduction must be strictly in accordance with the Enabling Act, Ordinance numbered 1652 and the rules and regulations of said Tourist Development Authority.
“Therefore, it is
“ORDERED and ADJUDGED that the Temporary Injunction heretofore issued in this cause be and the same is hereby made permanent, and the Defendant, THE CIT5T OF MIAMI BEACH, its agents, agencies, servants, employees and attorneys be and they are premanently enjoined and restrained from proceeding under said newly-enacted invalid Ordinance numbered 1707.
“It is further, ORDERED and ADJUDGED that Ordinance numbered 1652, having heretofore been ruled valid, the Tourist Development Authority may proceed thereunder for any lawful and legal purpose.
« * iff * **

. The essential variation between Ord. No. 1652 and Ord. No. 1707 was that in the latter, the T.D.A. was to consist of seven members whereas under the former ordinance, the T.D.A. was established with five members.