Mr. Patrick G. Gilligan Ocala City Attorney 7 East Silver Springs Boulevard, Suite 405 Ocala, Florida 34470
Dear Mr. Gilligan:
On behalf of the City of Ocala, you have asked substantially the following question:
Is the City of Ocala authorized by section 166.231, Florida Statutes, to adopt a utility tax ordinance that may be immediately applied to a single utility and implemented in the future on other competitive utility services?
In sum:
Section 166.231, Florida Statutes, authorizes but does not mandate a municipality to impose a public service tax, and the City of Ocala may adopt an ordinance that would result in the immediate imposition of such a tax on one utility with implementation of the tax against competitive services at another date.
The City of Ocala is contemplating the enactment of a utility tax ordinance on electricity pursuant to section 166.231, Florida Statutes. It is the intent of the city to create a utility tax ordinance that is broad and could be applied to other services such as water and gas in the future, without implementing those other utility taxes at this time.
According to your letter, the language of section 166.231, Florida Statutes, has caused some confusion. Under one interpretation, all competitive utility services must be taxed simultaneously. Another interpretation would allow taxation by ordinance, with implementation of the tax against competitive services to be accomplished at a later date.
Section 166.231, Florida Statutes, provides that:
(1)(a) A municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), and water service. The tax shall be levied only upon purchases within the municipality. . . . (2) Services competitive with those enumerated in subsection (1) or subsection (9),[1] as defined by ordinance, shall be taxed on a comparable base at the same rates. . . . (e.s.)
Your question is whether the language in subsection (2) emphasized above requires that any ordinance passed by the City of Ocala to impose a public service tax on one utility must also simultaneously impose such a tax against all competitive services or whether a tax may be imposed on competitive services, to be actually implemented at a later date.
The Florida Constitution[2] and Florida case law[3] reveal that the State, through the legislative branch of government, possesses an inherent power to tax, and a municipality may exercise the taxing power only to the extent to which such power has been specifically granted to it by general law. It is within the prerogative of the Legislature in the exercise of its sovereign power to determine the subjects of taxation and exemptions from taxation. However, this right is subject to the controlling limitations set forth in the constitution.[4]
The general law, section 166.231(1), Florida Statutes, authorizes the City of Ocala to levy a tax on the purchase of electricity, metered or bottled gas, and water service within the city.[5]
Subsection (2) of the statute permits the levy of a tax on "services competitive" with those offered by the specifically enumerated utilities. However, this authority is a right and not an obligation or mandate. If the City of Ocala finds fuel oil to be competitive with bottled gas, for example, and within its discretion chooses to tax fuel oil, then it may do so — but section166.231, Florida Statutes, does not mandate that it do so.
This conclusion results from an interpretation of the language of Article VII, section 9(a), Florida Constitution, which provides that:
Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution. (e.s.)
The mandatory nature of the statutory language is abrogated by application of this constitutional provision to the requirement expressed in section 166.231(2), Florida Statutes, which holds that competitive services "shall be taxed on a comparable base at the same rates."[6] Under the 1968 Constitution, a municipality can only be authorized, not required, "by general law" to impose "other taxes."
In Belcher Oil Company v. Dade County, 271 So.2d 118 (Fla. 1972), the Florida Supreme Court construed the predecessor provision to sections 166.231(1) and (2), Florida Statutes, and concluded that a similar statutory requirement, when read together with ArticleVII, section 9(a), Florida Constitution, was permissive and not mandatory. Section 167.431, Florida Statutes (1971), authorized municipalities to levy a tax on public services. The statute provided that:
(1) The several cities and towns in this state are hereby given the right, power, and authority, by nonemergency ordinance, to impose, levy and collect on each and every purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service and telegraph service in their corporate limits, a tax . . . in an amount not to exceed ten per cent of the payments received by the seller of such utility service. . . . In the event any such ordinance imposes such a tax on the purchase of one of the utility services described herein and a competitive utility service or services are purchased in the city or town, then such ordinance shall impose a tax in like amount on the purchase of the competitive utility service or services whether privately or publicly owned or distributed. . . . (e.s.)
The Court interpreted the effect of Article VII, section 9(a), of the 1968 Constitution on what appeared to be the mandatory language contained in this statute and determined that, in light of the constitutional limitation, the statute did not impose an absolute obligation on a municipality to tax but made such a right permissive. Similarly, the language of section 166.231(2), Florida Statutes, which requires that "[s]ervices competitive with those enumerated . . . shall be taxed on a comparable base at the same rates" is directory and permissive rather than mandatory.
Therefore, it is my opinion that the City of Ocala may adopt a utility tax ordinance that imposes such a tax on certain utility services without implementing the utility tax on competitive services until a later date.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 166.231(9), Fla. Stat. (1993), provides that a municipality may levy a tax on the purchase of telecommunication services as provided therein.
[2] Article VII, s. 1(a), Fla. Const. 
[3] See, e.g., Belcher Oil Company v. Dade County, 271 So.2d 118
(Fla. 1972); State ex rel. Housing Authority of Plant City v. Kirk, 231 So.2d 522 (Fla. 1970); and City of Miami Beach v. Lansburgh, 218 So.2d 519 (Fla. 3d DCA 1969).
[4] See, Belcher Oil Company v. Dade County, id. at 122; Cassady v. Consolidated Naval Stores Company, 119 So.2d 35 (Fla. 1960).
[5] Cf., Ops. Att'y Gen. Fla. 94-76 (1994), 89-11 (1989), and 87-45 (1987), construing other aspects of s. 166.231, Fla. Stat.
[6] See, Belcher Oil Company, supra at footnote 3, construing the predecessor provision to s. 166.231(2), F.S., and concluding that the "shall" language contained therein was permissive not mandatory.