398 So.2d 978 (1981)
DEPARTMENT OF PROFESSIONAL REGULATION and Board of Pharmacy, Petitioners,
v.
J. Lewis HALL, Jr., Circuit Judge of the Second Judicial Circuit, Florida Optometric Association, James A. Stephens and George T. Lowe, Respondents.
No. AC-305.
District Court of Appeal of Florida, First District.
May 14, 1981.
Robert D. Newell, Jr., Asst. Gen. Counsel, Jacksonville, Dept. of Professional Regulation, for petitioners.
Leonard A. Carson, Tallahassee, James W. Linn, of Seyfarth, Shaw, Fairweather & Geraldson, Miami, Fred R. Dudley, of Aloia, Dudley & Roosa, Cape Coral, and Frank Vickory, Asst. Atty. Gen., for respondents.
ROBERT P. SMITH, Jr., Judge.
The Department of Professional Regulation petitions for a writ of prohibition to prevent circuit court action that the Department contends is in excess of the court's jurisdiction. The court declined to dismiss a declaratory judgment action by optometrists who claim to have a dispute with the Department or with the Board of Pharmacy, one of numerous professional regulatory boards under the Department's jurisdictional umbrella. Sections 20.30, 455.201 et seq., Fla. Stat. (1979). The alleged dispute is over the optometrists' claimed right, contested by the Board of Pharmacy and questioned by the Department in notices to the professions amounting only to free-form action under the APA,[1] to prescribe noncontrolled prescription drugs and to have their patients' prescriptions honored by pharmacists regulated by the Board of Pharmacy. Although this case involves no question of facial unconstitutionality in a statute or rule, see Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla. 1978), the case nevertheless presents *979 unique facts excepting it from the general rule that forecloses collateral circuit court litigation on questions cognizable administratively under Chapter 120. State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977); School Board of Leon County v. Mitchell, 346 So.2d 562 (Fla. 1st DCA 1977).
Although the Department of Professional Regulation nominally is one of the firstrank administrative units of the executive branch, Section 20.03(2), headed by a Secretary with powers ostensibly not unlike the broad powers of other department heads, Sections 20.05, 20.30, the Department and its Secretary in fact are without general supervisory authority over boards within the departmental structure; concerning the activities of those boards the Department has only closely hedged licensing and enforcement powers.[2] The Department has no power by conventional agency action to determine whether the optometrists' practice act gives them power to write prescriptions. That power is granted instead to the Board of Optometry,[3] which by free-form action has advised its constituents/licensees that they may prescribe noncontrolled drugs.[4] The Department has no direct power to control or review either the Board of Optometry or the Board of Pharmacy, whose free-form action is adversely affecting licensed optometrists even though the Pharmacy Board has neither the presumed expertise nor a statutory responsibility to regulate optometrists. Thus, while the free-form action of either the Board of Optometry or the Board of Pharmacy might upon proper application mature into agency action determining the power of optometrists to write prescriptions and the power of pharmacists to fill them, neither of those Boards commands superiority of the other, and the Department in a very real sense is superior to neither.
As a result of this peculiar statutory arrangement, by which the legislature has granted the Department only the appearance of authority over its subsidiary boards, but little direct power in fact, the legislature has deprived the executive branch of clear effective authority to take action resolving the dispute by means of the Administrative Procedure Act. In those unfortunate circumstances recourse to the judiciary is necessary and proper. For the reasons stated at length in Willis, the doctrines of primary jurisdiction and exhaustion of remedies do not prevent the exercise of circuit court jurisdiction.
Whether the alleged dispute is yet of such maturity as to support an action for declaratory judgment is not our concern on petition for writ of prohibition, that being determinable by the circuit court in the proper exercise of its jurisdiction.
The order to show cause is DISCHARGED and the petition for writ of prohibition is DENIED.
McCORD and ERVIN, JJ., concur.
NOTES
[1] In June 1980, the director of the Pharmacy Board advised a Gadsden County pharmacist by letter that the board was "of the opinion that a pharmacist cannot lawfully fill" prescriptions written by optometrists. In December 1980, the Department's Secretary wrote a letter to the Optometry Board stating that the Department would withhold prosecution of two prescribing optometrists, but the "profession should be advised and cautioned that the prescribing of legend [prescription] drugs by optometrists should stop pending a formal ruling by the Department of Legal Affairs." This is "free-form" agency action only; neither the Department nor either Board has proposed rules or issued orders recognizable under Chapter 120. Capeletti Brothers, Inc. v. Dept. of Transportation, 362 So.2d 346 (Fla. 1st DCA 1978), cert. den., 368 So.2d 1374 (Fla. 1979).
[2] Under Chapter 455, the Department's principal powers include licensing of various professionals, exam preparation and investigative and prosecutorial authority in disciplinary proceedings. The Department is given explicit statutory authority to overrule the various professional boards under its umbrella only in determining whether probable cause supports prosecution of disciplinary charges. Section 455.225(3), Fla. Stat. (1979). In other interaction with the boards, the Department acts as a representative of the consumer; it is given standing to challenge proposed and existing rules of any board, for instance, and to seek judicial review of final orders entered by boards following disciplinary proceedings. Sections 455.211, .225(6), Fla. Stat. (1979).
[3] The Optometry Board has authority to make any rules necessary to carry out its duty under Chapter 463 to establish a standard of practice for licensed optometrists. Section 463.005, Fla. Stat. (1979). In contrast, the Department is given statutory power only to adopt rules necessary to administer Chapter 455, not any of the professional practice acts. Section 455.203(5), Fla. Stat. (1979).
[4] In 1975, the Optometry Board adopted a policy statement indicating its view that Chapter 463 contained no specific or absolute prohibition on the prescription of drugs by optometrists, but cautioned that the Board would police use of drugs by the profession. Later in 1975, the Attorney General agreed that the optometrists' practice act did not prohibit drug prescription.