413 So.2d 770 (1982)
CITY of GAINESVILLE, Appellant,
v.
GNV INVESTMENTS, INC., a Florida Corporation, and Wayne Fann and Charles Powers D/B/a Sun Skate Center, Appellees.
No. AC-88.
District Court of Appeal of Florida, First District.
March 15, 1982.
David LaCroix of Sieg, Comfort, Hawk, LaCroix & Reid, P.A., and J.T. Frankenberger, Gainesville, for appellant.
William N. Long of Scruggs & Carmichael and Leonard E. Ireland, Jr. of Clayton, Duncan, Johnston, Quincey, Ireland, Felder & Gadd, Gainesville, for appellees.
MILLS, Judge.
The City of Gainesville (City) appeals the trial court's order finding that the City's Plan Board unlawfully and arbitrarily denied approval of appellees' site plan petition to construct a skate center on real property located within the City and holding that the City is estopped from enforcing a new, more restrictive zoning ordinance on appellees' *771 real property. The order also ordered the City to issue a building permit for construction of the proposed skating center. We affirm.
On 29 April 1980, appellee, Sun Skate Center, contracted to purchase real property from appellee, GNV Investment. The parcel was zoned "shopping center" which permitted use of the land as a skate center. Sun Skate Center prepared a site plan petition and submitted it to the City Plan Board. The plan met all "technical requirements" of the City's ordinances, regarding site plan approval. Under the City's ordinances, the Plan Board is delegated the authority to approve or deny site plans. The site plan merely regulates the layout of a piece of property, the design of the buildings, and the actual locations of the buildings on the site. The City's zoning ordinances control the uses to which a particular piece of property may be put. The Plan Board, therefore, is not to be concerned with a particular use of a piece of property as long as it fits within the permitted uses of the City's zoning ordinances.
The record amply supports the trial judge's finding that the Plan Board unlawfully and arbitrarily denied Sun Skate Center's petition for site plan approval. The Plan Board members voted to deny the petition because of the parcel's intended use as a skate center, not because it failed to comply with the appropriate criteria for site plan approval.
During the site plan approval process, on 7 July 1980, the City Commission, without notice, declared a moratorium on any development of lands zoned "shopping center" until a rewrite of the City zoning ordinances could be accomplished. The City Commission's minutes reveal that the Commission was specifically apprised of the proposed skating center on appellees' land zoned "shopping center" prior to declaring the moratorium, and that the moratorium was an attempt to stop this development. The zoning rewrite was to contain a new zoning classification, "neighborhood shopping center," which prohibited use as a skating center. The moratorium was also passed with the understanding that any shopping center parcel not neighborhood oriented could be brought to the Commission for review and referral to the Plan Board for special exception. On 9 July 1980, the Commission passed a resolution reaffirming and ratifying its earlier moratorium.
The City's new zoning ordinance was enacted on 24 November 1980. On 12 January 1981, appellees' property was rezoned to "neighborhood shopping center" which precluded use as a skating center, and the moratorium was lifted on shopping center development. Appellees' same site plan, previously denied on 8 July 1980, was approved on 10 February 1981, although appellee could no longer construct a skating center under the new zoning classification.
We hold the moratorium and resolution, passed without notice, were an ineffective attempt to suspend and amend the City of Gainesville's existing zoning ordinances. We find the City's argument that it has the power, under its general home rule powers, to suspend zoning ordinances by resolution without notice to be without merit. Each case cited by the City in support of that proposition dealt with a situation where a municipality passed an interim zoning ordinance rather than resolution. In City of Miami Beach v. State, 108 So.2d 614 (Fla. 3d DCA 1959), the court held that the authority to materially limit the use of property ought not to be inferred under a general grant of authority found in the City's charter, especially when there was a specific grant of authority from the legislature concerning zoning which contained limitations on that power such as notice, public hearings, etc. The court went on to say that these limitations were designed to protect the public from hasty or ill-advised use of that authority. In this case, the City of Gainesville has a specific grant of power concerning zoning, Section 166.041(3)(c), Florida Statutes (1979), which contains specific limitations (notice, opportunity to be heard, etc.) on the use of that power. The attempted moratorium was, therefore, invalid and ineffective regarding appellees' proposed development since the City failed *772 to comply with the specific notice requirements regarding zoning ordinances. City of Miami Beach v. State, supra; Gulf and Eastern Development Corp. v. City of Fort Lauderdale, 354 So.2d 57 (Fla. 1978); and generally Annot., 30 A.L.R.3d 1196 (1970).
The remaining issues raised by the City are without merit. Since the City was not a party to the contracts between appellees, it may not raise any issue regarding the applicability of the statute of frauds to these contracts. Commercial Union Insurance Co. v. Padrick Chevrolet, 196 So.2d 235 (Fla. 4th DCA 1967).
Accordingly, the order of the trial court is affirmed.
WENTWORTH and THOMPSON, JJ., concur.