496 So.2d 184 (1986)
LEWIS OIL COMPANY, INC., Appellant,
v.
ALACHUA COUNTY, Appellee.
No. BN-198.
District Court of Appeal of Florida, First District.
October 6, 1986.
*185 William C. Andrews, of Scruggs & Carmichael, Gainesville, for appellant.
Thomas A. Bustin, Gainesville, for appellee.
ZEHMER, Judge.
Lewis Oil Company, Inc. (Lewis Oil), appeals a final judgment dismissing its complaint for declaratory judgment to determine the validity of a county ordinance referred to as the Alachua County Underground Storage Facilities Code, and its prayer to enjoin Alachua County (county) from using the ordinance, if declared invalid, as grounds for denying Lewis Oil's applications for permits to install underground gasoline storage tanks. We reverse, holding that the ordinance has not become effective and that appellant has no available administrative remedy for obtaining adequate relief.
This case turns primarily on the construction of section 376.317, Florida Statutes (1985), and related statutory provisions. The Department of Environmental Regulation (DER) is given authority to regulate potential sources of pollution to the underground water supply, including the installation and use of underground tanks for storage of petroleum products used as fuel in vehicles. See sections 376.30-376.317, Florida Statutes (1985). To carry out this delegated authority, DER promulgated rules, codified in chapter 17-61, Florida Administrative Code, which set forth certain specifications and requirements governing both existing and new underground storage facilities. Section 376.317, Florida Statutes (1985), provides that any provision of the cited statutes or rules promulgated thereunder shall control over any other state law or local ordinance except as provided in subsection (3). Subsection 376.317(3) permits a county to "adopt countywide ordinances that regulate underground storage tanks ... which ordinances are more stringent or extensive than any state law or rule regulating such tanks," provided that, among other things, "the ordinance establishing the local program was approved by the department." Further, subsection (3) authorizes DER to promulgate rules permitting any county government *186 to adopt a program regulating underground storage tanks, "which program is more stringent or extensive than that established by any state law or rule regulating underground storage tanks," and specifies certain criteria to be considered in adopting such rule.
DER promulgated rules codified in chapter 17-63, Florida Administrative Code, to set procedures and standards for approval of local tank ordinances. Section 17-63.01 recognizes that in section 376.317, Florida Statutes, the state preempts regulation by local governments of regulated underground storage facilities, and notes that local regulation by the county may be authorized, provided "the local ordinance is approved by the Department." Section 17-63.03 sets forth specific criteria that shall be considered by DER in approving or disapproving any petition by a county seeking approval of a local tank ordinance. This rule also requires publication of public notice of the filing of the petition and DER's proposed decision thereon, and authorizes "a person who is substantially affected by the Department's proposed decision" to request a 120.57 hearing.
The material facts of this case are not in dispute. Alachua County Ordinance 85-7, enacted July 17, 1985, and amended October 22, 1985, by Ordinance 85-13, constitute the Alachua County Underground Storage Facilities Code. This ordinance purports to impose regulations on underground tanks used for the storage of petroleum products that are more stringent and more extensive than DER's rules governing such facilities. In October 1985 the county petitioned DER for approval of the cited ordinance. In April 1986 DER issued a notice of intent to approve the ordinance, provided the county make six amendments to the ordinance within four months of the final order approving the ordinance; otherwise, the ordinance would be deemed disapproved. The county was dissatisfied with the amendments required by DER and filed a petition for formal hearing under section 120.57. DER had not entered a final order on that petition at the time this appeal was taken, and Lewis Oil had not been made a party to that proceeding.
In the meantime, Lewis Oil sought permits to install underground gasoline storage tanks which complied with applicable state law and rules. The county refused to issue the permits on the ground that the proposed installations did not also comply with the cited ordinance enacted by the county. Because each day's delay in completing installation of the tanks was costing Lewis Oil substantial damages which could not be recovered from the county or anyone else, Lewis Oil filed an action for declaratory judgment in the circuit court of Alachua County, seeking a determination of the validity of the ordinance and, if it were declared invalid, an injunction restraining the county from enforcing it prior to final approval by DER. After a short evidentiary hearing, the court denied the requested relief and granted the county's motion to dismiss the action with prejudice. The sole ground stated in the order and judgment is that Lewis Oil has the right to intervene in the county's 120.57 formal administrative proceeding against DER and thus has an adequate administrative remedy available to it which requires that "judicial restraint should be exercised until such remedy is exhausted", citing State ex rel. Department of General Services v. Willis, 344 So.2d 580, 589 (Fla. 1st DCA 1977).
After appeal of the judgment, this court granted Lewis Oil's petition for a constitutional writ, which enjoined the county from enforcing the ordinance until further order of the court, and directed that this appeal be expedited.
We hold that the court below erred in dismissing the action and denying all relief to plaintiff. The complaint alleges a bona fide dispute over enforceability of the county ordinance before the County received final unqualified approval from DER, and it sets forth facts showing that plaintiff will suffer irreparable injury from the county's premature enforcement of the ordinance. The complaint is, therefore, sufficient on its face to state a cause of action for declaratory judgment under *187 chapter 86, Florida Statutes (1985), to judicially determine the validity and enforceability of the ordinance, East Naples Water Systems, Inc. v. Board of County Commissioners, 457 So.2d 1057 (Fla. 2d DCA 1984), and it adequately alleges a basis for additional coercive relief should the ordinance be found unenforceable. § 86.011(2), Fla. Stat. (1985).
We next consider whether the ordinance was in effect, and thus enforceable, during pendency of the County's section 120.57 administrative proceeding to challenge the amendments required by DER as a condition for approval of the adopted ordinance. Clearly the state has preempted the regulation of certain underground storage tanks, and the requirements in section 376.317(3) and rule 17-63.01 that any local ordinance purporting to more strictly regulate this subject must first be approved by DER is concise and direct and, so far as we discern, free from ambiguity and uncertainty of meaning. Quite simply, the statute and implementing rule mandate that the local ordinance, although duly adopted by the county, will not become effective as law until approved by DER through final agency action.
Accordingly, we conclude that DER's notice of intent to conditionally approve the ordinance provided certain amendments are adopted by the county does not satisfy the statutory requirement sufficiently to permit enforcement of the ordinance pending final decision on the county's administrative petition. It is elementary that a statute or ordinance is not operative as law until the date at which it takes effect. Imperial Point Colonnades Condominium, Inc. v. Freedom Properties Int'l, Inc., 349 So.2d 1194 (Fla. 2d DCA 1977). The effective date of a duly enacted statute or ordinance may be made contingent upon the occurrence of stated conditions in the future, but in that event the statute or ordinance does not become effective until such conditions have been fulfilled. Brown v. City of Tampa, 149 Fla. 482, 6 So.2d 287 (1942); City of Miami Beach v. Lansburgh, 218 So.2d 519 (Fla. 3d DCA), cert. denied, 226 So.2d 821 (Fla. 1969). Since the validity of the Alachua County ordinance is dependent upon approval by DER, the ordinance does not become effective as law and cannot be enforced against Lewis Oil until that condition has been fully satisfied. The county, therefore, cannot legally enforce the statute by rejecting Lewis Oil's applications for permits for underground storage tanks which comply with the governing state law, chapter 376, Florida Statutes (1985), and chapter 17-61, Florida Administrative Code, solely because the storage facilities do not also meet the more stringent and extensive requirements of the yet-to-become-effective local ordinance.
In view of the stated grounds of the trial court's order, we must further consider whether Lewis Oil failed to exhaust "a plain, adequate administrative remedy" available to it before filing the instant action. We start with the premise, as indicated above, that a declaratory judgment action in circuit court under chapter 86, Florida Statutes (1985), is an appropriate proceeding for obtaining a determination of whether the county's ordinance was effective pending receipt of unconditional approval from DER, and that such a proceeding is also appropriate for obtaining injunctive relief against the county's enforcement of the statute, if declared to be ineffective. That being so, we next observe that section 120.73, Florida Statutes (1985), reads:
Nothing in this chapter shall be construed to repeal any provision of the Florida Statutes which grants the right to a proceeding in the circuit court in lieu of an administrative hearing or to divest the circuit courts of jurisdiction to render declaratory judgments under the provisions of chapter 86.
The plain statutory language would seem to answer the question before us; in State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla. 1st DCA 1977), however, this seemingly broad preservation of circuit court authority was substantially circumscribed. That decision, giving effect to the companion judicial doctrines of primary *188 jurisdiction and exhaustion of administrative remedies in the circumstances of that case, required judicial deference to the available administrative remedies and granted a writ of prohibition against further proceedings in circuit court which would, if not prohibited, have effectively enjoined further administrative action.
But the requirement of deference to administrative remedies is not absolute in every case where administrative agencies are involved. The predicate for such judicial deference is "prior resort to and exhaustion of administrative remedies when they are available and adequate." Willis, 344 So.2d at 589. It is essential, therefore, that the administrative remedies be both readily available and adequate. The court in Willis also said that "some agency errors may be so egregious or devastating that the promised administrative remedy is too little or too late. In that case equitable power of a circuit court must intervene." Id. at 590. From this proposition, it follows that where the administrative statutes are such that one supervising agency does not have direct power to control the other agency involved and the supervising agency is "deprived ... of clear effective authority to take action resolving the dispute by means of the Administrative Procedure Act," then "recourse to the judiciary is necessary and proper." Department of Professional Regulation v. Hall, 398 So.2d 978, 979 (Fla. 1st DCA 1981).
The decision in Willis is not authority for directing Lewis Oil to pursue the administrative process. In the first place, it is far from clear whether Lewis Oil could intervene as a matter of right in the administrative proceeding between the county and DER for the purpose of resolving this dispute, and neither party has presented any authority or argument on this point. Generally speaking, an intervening party's rights are subordinate to the principal issues raised by the original parties to an administrative action, and the intervening party is limited to litigating only his interests as affected by the principal issues. Humana of Florida, Inc. v. Department of Health & Rehabilitative Services, 11 F.L.W. 1946 (Fla. 1st DCA Sept. 19, 1986); 2 Am.Jur.2d, Administrative Law, § 369 (1964).[1] The only issue raised by the county's proceeding against DER is whether the county's proposed ordinance should be approved with or without the amendments required by DER's order. This issue turns primarily upon application of the facts to the criteria in the statutes and rules presented by the county. The subject matter of Lewis Oil's dispute in the case now before us, viz., whether the duly adopted ordinance may be treated as valid and effective so that the county can legally deny Lewis Oil a permit for failure to comply with such ordinance during the pendency of the county's dispute with DER, is a substantially different issue which depends solely upon a construction of section 376.317. Any question concerning the county's attempt to rely on its yet-to-be-approved ordinance in denying Lewis Oil a permit involves a completely different issue, which need not necessarily be made a part of the DER proceeding to validate the ordinance. Moreover, up to this point Lewis Oil has not undertaken to voice any objection to the substance of the county's ordinance or the amendments required by DER. Indeed, it may well be that Lewis Oil does not desire to participate in that process, preferring instead to accept whatever DER finally approves. If so, the DER proceeding should not be unnecessarily complicated by forcing consideration of additional permitting issues between the county and applicants for local permits.
In the second place, we have not been cited to any provision in chapter 120, or any other statute, that would authorize Lewis Oil, upon intervention in the pending administrative proceeding between the county and DER, to obtain an immediate *189 stay or restraining order from DER against the county's enforcement of its not-yet-effective ordinance. Nor are we aware of any authority for DER to exercise such control over the county's permitting authority. The only authority given DER by section 376.317 is the power to approve or disapprove ordinances purporting to regulate storage tanks and to hold public hearings thereon. That section does not authorize DER to enjoin the enforcement of a county ordinance, whether or not disapproved in accordance with that section. Administrative agencies have only the powers delegated by statute. Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787, 793 (Fla. 1st DCA), review denied, 436 So.2d 98 (Fla. 1983). Unless DER has the statutory power to enjoin the county from enforcing its ordinance during the pendency of the administrative proceeding to review DER's order granting conditional approval  a statutory power no party to this appeal has asserted DER possesses  there is no adequate remedy available to Lewis Oil even if it should intervene in the administrative proceeding as ordered by the trial court.
Finally, we note that in Willis the writ of prohibition was issued to prevent the circuit court from exercising jurisdiction over the Department of General Services in respect to the exercise of its bidding and award procedure when there was an adequate administrative remedy available to review plaintiffs' complaints. Here, unlike Willis, the action in circuit court does not attempt to usurp DER's authority to review and approve or disapprove the county's ordinance; rather, it seeks only the resolution of an independent dispute between Lewis Oil and the county concerning the county's exercise of permitting powers pending conclusion of the DER administrative proceeding. Since it is clearly appropriate to test the validity and effectiveness of the unapproved ordinance in circuit court, and since this action to do so does not in any way interfere with the disposition of that administrative action between DER and the county, we see no basis for the circuit court to dismiss this action in deference to the administrative process.
The appealed judgment is reversed and the cause is remanded for further proceedings. The constitutional writ enjoining the county from enforcing the subject ordinance shall remain in effect until the trial court holds a hearing on appellant's application for relief in accordance herewith and issues its order thereon.
REVERSED AND REMANDED.
SMITH and SHIVERS, JJ., concur.
NOTES
[1] There may be circumstances, however, where intervention affords a "clear point of entry" entitling one to full party status, Florida Medical Center v. Department of Health & Rehabilitative Services, 484 So.2d 1292 (Fla. 1st DCA 1986), but we do not so view the case now before us.