THOMPSON, Judge.
Alachua County appeals a final judgment which found: (1) that Chapter 88-156, Laws of Florida, violates Article III, Section 6 of the Florida Constitution in that it embraces more than one subject and matter properly connected therewith; (2) that Section 18 of Chapter 88-156 is an unconstitutional violation of Article III, Section 10 of the Florida Constitution in that it was a local law, notice of which was not published in accordance with general law; and (3) that Section 18 of Chapter 88-156 is an unconstitutional violation of Article III, Section 11(b) due to its classification and restriction to Alachua County without a basis reasonably related to the subject law. The county contends the law is constitutional in all respects. We do not agree and affirm.
In 1985 Alachua County was having a problem with discharges of petroleum products from underground storage tanks and adopted ordinances purporting to impose regulations on underground tanks used for storing petroleum products that were more stringent and more extensive than the Department of Environmental Regulation (DER) rules governing such facilities. Without obtaining prior approval of DER, as required by law, the county attempted to deny installation permits to an applicant seeking to install underground gasoline storage tanks which complied with applicable state laws and rules. The applicant, Lewis Oil Co., Inc., appealed a final judgment dismissing its complaint for declaratory judgment to determine the validity of the county ordinance and this court held that the ordinance could not be enforced until the county had received DER approval as required by law. Lewis Oil Co., Inc. v. Alachua County, 496 So.2d 184 (Fla.lst DCA 1986). After being told the ordinance was not enforceable, the county adopted another ordinance which imposed a moratorium throughout Alachua County on the issuance of building permits that would allow the construction or modification of any new or existing underground petroleum storage tanks. Lewis Oil Company, the applicant in the prior case, was refused a permit because of the existing moratorium. It filed an action in circuit court seeking declaratory and injunctive relief, asserting that its proposed project complied with all the state law and DER regulations promulgated thereunder. The trial court issued a temporary injunction against Alachua County and the county appealed. This *329 court affirmed the issuance of the temporary injunction. Alachua County v. Lewis Oil Co., Inc., 516 So.2d 1033 (Fla. 1st DCA 1987).
In 1987 the county adopted Ordinance No. 87-10 relating to the storage of petroleum products in underground tanks but this ordinance was never approved by DER. During the 1988 legislative session an amendment was made to Chapter 88-156, Laws of Florida, a pending bill which amended Chapter 489 relating to the regulation of the construction industry. The amendment added Section 18 amending Chapter 376, relating to pollutant discharge prevention and removal, a subject totally distinct and different from regulation of the construction industry. Section 18 amended § 376.317, Fla.Stat., relating to the underground storage of petroleum products, and permitted counties to adopt ordinances which are more stringent or extensive than any state law or rule regulating underground tanks for the storage of petroleum products provided:
(a) The original ordinance was adopted by the county and filed with the Secretary of State before July 1, 1987; or
(b) The ordinance establishing a more stringent or extensive local program is approved by the department pursuant to subsection (4) after the county demonstrates to the department that it has effectively administered the state law or rules for a period of 2 years prior to filing a petition for approval. However, any county which has sought approval of a local tank program from the department prior to January 1, 1988 shall not be required to demonstrate that it has effectively administered the state program for any minimum period.
Prior to the enactment of Section 18 of Chapter 88-156, § 376.317 applied only to Broward and Dade Counties. After the enactment of Section 18 of Chapter 88-156, § 376.317 applies only to Broward, Dade and Alachua Counties.
Section 18, Chapter 88-156 is clearly a special law because it affects only Ala-chua County and there is no possibility that it will ever affect or apply to any other county since no other county meets the statutory criteria nor can any other county meet it in the future. A special law passed under the guise of a general law remains a special law. Anderson v. Board of Public Instruction for Hillsborough County, 136 So. 334 (Fla.1931). If it is not enacted in accordance with the constitutional requirements, it is unconstitutional. The trial court correctly found that Section 18 of Chapter 88-156 is a local law, notice of which was not published in accordance with the general law and is therefore in violation of Article III, Section 10.
Section 18 of Chapter 88-156 also violates the single subject requirement of Article III, Section 6 of the Florida Constitution in that it contains multiple subjects. Article III, Section 6 provides that every law shall embrace but one subject and matter properly connected therewith. The purpose of the constitutional prohibition against a plurality of subjects in a single legislative act is to prevent a single enactment from becoming the “cloak” for dissimilar legislation having no necessary or appropriate connection with the subject matter of the act. State v. Lee, 356 So.2d 276 (Fla.1978). However, the subject of an act may be as broad as the legislature chooses as long as the matters included in the act have a natural or logical connection. Chenoweth v. Kemp, 396 So.2d 1122 (Fla.1981); Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla.1969). In this case the pending bill containing some 16 sections amending Chapter 489, relating to the regulation of the construction industry, was amended by adding Section 18 to amend Chapter 376, relating to pollutant discharge prevention and removal, a subject totally distinct and different from the subject matter of the act before the amendment. The provisions of Section 18 are not germane to the construction industry, the subject of the pending act it amended, nor are its provisions such as are necessary incidents to, or which tend to make effective or promote, the objects and purposes of the pending construction industry legislation. Smith v. Depart *330 ment of Insurance, 507 So.2d 1080 (Fla.1987).
Section 18 of Chapter 88-156 was properly found to be unconstitutional as it violates both Article III, Section 6 of the Florida Constitution and Article III, Section 10 of the Florida Constitution. The trial court’s order is therefore affirmed.
SMITH and MINER, JJ., concur.