NIMMONS, Judge.
Alachua County appeals from a final judgment permanently enjoining the County from enforcing a moratorium on the construction of underground petroleum storage tanks. We affirm.
Pursuant to Sections 376.30-376.317, Florida Statutes (Supp.1986), the state has preempted the field of regulation of underground petroleum storage tanks. A county •wishing to impose standards more extensive or stringent than those imposed under state law or rules must obtain the approval of the Department of Environmental Regulation (DER).[1] Appellant enacted an ordinance imposing stricter standards upon storage tanks and attempted to enforce it prior to obtaining DER approval. In Lewis Oil ’ Company, Inc. v. Alachua County, 496 So.2d 184 (Fla. 1st DCA 1986), this court held that the ordinance was not effective and enforceable until the precondition of DER approval had been met.
In the meantime, appellant adopted another ordinance, 86-10, which imposed a temporary moratorium upon the issuance of building permits for the construction of underground petroleum storage tanks. This ordinance was then amended by ordinance 87-2 to include the City of Gaines-ville within its terms and to extend the duration of the moratorium. Neither ordinance 86-10 nor 87-2 has been submitted to DER for approval. Pursuant to the moratorium, appellant denied appellee a permit to construct a facility which complies with state requirements. Appellee brought an action for declaratory and in-junctive relief, seeking to have the moratorium declared invalid. The trial court is *1211 sued a temporary injunction against enforcement of the moratorium, and this court affirmed the issuance of that injunction in Alachua County v. Lewis Oil Company, Inc., 516 So.2d 1033 (Fla. 1st DCA 1987).
The trial court subsequently held that “an ordinance that completely prohibits a project is as much a regulation as one which imposes stringent or extensive requirements on the construction of such project.” The trial court therefore declared ordinance 86-19 as amended by ordinance 87-2 invalid and permanently enjoined enforcement of the ordinance.
Appellant argues that there is a difference between an ordinance that stops activity, in this case the issuance of a building permit, and an ordinance that imposes affirmative standards that must be met in order to engage in the activity. Appellant points out that the Legislature did not explicitly express in either the language of the statute or in the legislative history an express intent to preempt the field of issuance of building permits for underground petroleum storage tanks, and submits that application of the “classic tests” of preemption establishes that the Legislature has not preempted this field.[2]
We agree with appellee that appellant’s argument is misplaced. In the instant case, the Legislature has explicitly preempted the field of regulation of underground petroleum storage tanks, and the question is whether appellant’s ordinance operates as an unauthorized regulation of this area.
Our examination of the ordinance’s operative provisions and statement of purpose establishes that the ordinance is, in both its purpose and its practical effect, such a regulation. The statement of purpose asserts that the Alachua County Board of County Commissioners has determined that state standards do not provide sufficient protection, and describes the previous unsuccessful attempt to impose stricter standards as described in Lewis, and concludes that a moratorium should be imposed pending the outcome of appellant’s dispute with DER over the construction standards. The intended and actual effect of the moratorium is therefore to indirectly do what appellant is prohibited from doing directly, i.e., enforce standards stricter than DER standards, without first obtaining DER approval.
We are guided by the holdings of Fountain v. City of Jacksonville, 447 So.2d 353 (Fla. 1st DCA 1984) and City of Gainesville v. GNV Investments, Inc., 413 So.2d 770 (Fla. 1st DCA 1982). In City of Gainesville, Sun Skate Center proposed to develop a parcel of property as a skate center. The City objected to Sun’s plan for a skate center but had no authority to deny approval to the development because the proposal met all technical requirements of the City’s ordinances and was a permissible use under the parcel’s zoning classification of “shopping center.” The City Commission therefore declared a moratorium on any development of lands zoned “shopping center” until a revision of the City’s zoning ordinances could be accomplished in order to prohibit the development of the skate center. We affirmed the trial court’s ruling that the moratorium was an ineffective attempt to amend the City’s zoning ordinance without adherence to notice and hearing requirements.
Similarly, in Fountain, supra, we rejected the City of Jacksonville’s argument that an ordinance establishing “overlay zones” which imposed land use restrictions beyond those found in the applicable zoning provisions was not a rezoning (and therefore invalid for failure to comply with notice and hearing requirements) but was more in the nature of a building code, for which the same notice requirements are not imposed. We stated:
*1212 Our concern, however, in determining whether the ordinance is a zoning ordinance, is not with semantics but rather with what practical impact these “overlay zones” have on appellants’ and others’ lands situated within those zones.
447 So.2d at 355.
We also reject appellant’s argument that Section 376.317(3)(b) is unconstitutional because it 1) lacks meaningful standards to guide DER in deciding whether to approve an ordinance, and 2) violates the principle of separation of powers. These contentions have been previously considered and rejected by this court in Alachua County v. State Dept. of Environmental Regulation, 528 So.2d 1184 (Pla. 1st DCA 1988) (affirmance without opinion).
AFFIRMED.
JOANOS and WIGGINTON, JJ„ concur.

. Under Section 376.303, DER is directed to establish rules regulating underground petroleum storage tanks. The rules established by DER are codified in Chapter 17-61, Florida Administrative Code.
An amendment to Section 376.317 to partially exempt Alachua County from the approval requirement has been invalidated for failure to comply with constitutional requirements in its enactment. Alachua County v. Florida Petroleum Marketers Association, 553 So.2d 327 (Fla. 1st DCA 1989).

. In support thereof, appellant submits that the statute and the ordinance do not by their terms conflict, and that the statute does not by its terms fully occupy the field of construction of underground storage units so as to indicate that additional local action is not permitted. Jordan Chapel Freewill Baptist Church v. Dade County, 334 So.2d 661 (Fla. 3d DCA 1976); Music Plus Four, Inc. v. Barnet, 114 Cal.App.3d 113, 170 Cal.Rptr. 419 (1981); Eckl v. Davis, 51 Cal. App.3d 831, 124 Cal.Rptr. 685 (1975).