# PETRUZZELLI v BOARD OF ADJUSTMENT OF THE CITY OF BOCA RATON, FLORIDA (Consolidated with LAGO MAR ASSOCIATES, INC. v CITY OF BOCA RATON)

## Case No. 65-C-2834-D

Fifteenth Judicial Circuit, Palm Beach County

January 24, 1991

### APPEARANCES OF COUNSEL

**Robert A. Eisen, Esquire,** for petitioner.

**Christine P. Tatum,** Assistant City Attorney, for respondent.

Before OFTEDAL, RAPP, STEVENSON, JJ.

### OPINION OF THE COURT

This is a petition for writ of certiorari in which review is sought of the Boca Raton City Council's denial of a petition for site plan approval. This same land was the subject of a petition for certiorari in April 1966. As to that petition, the circuit court affirmed the City's

denial of relief from zoning requirements, but found that the petitioner (I. Mario Petruzzelli) should not have been denied any relief from the zoning restrictions keeping him from a minimum reasonable use of his land. The Court therefore granted Petruzzelli the right to plat and develop his property according to specified guidelines and according to "the respondent's exhibit #1, the preliminary land plat of Lago Mar Shores." (1966 Order, para. 3) The parties agree that the Order is still in effect and controlling.

Lago Mar Associates, Inc. (Lago Mar) wants to build ten multi-family units on the subject property. The site plan Lago Mar submitted to the City complies with the text of the Order but not with the preliminary land plat. The site plan differs specifically in that the proposed site plan building configuration appears to be two solid buildings whereas the original Order contemplates three buildings on this portion of the property. This is a material alteration.

Single-family homeowners residing adjacent to the site object to its multi-family development. Their objection is based, in part, on the fact that they did not know the site plan property was zoned for multi-family use. However, the objections of residents in surrounding neighborhoods to proposed developments are not a sound basis for denying a permit to build. *BML Investments v City of Castleberry,* 476 So.2d 713 (Fla. 5th DCA 1985). This property has always been zoned multi-family and from the time each home was purchased the homeowners not only were on notice of such, but also knew they were buying in a predominantly multi-family district.

Further, just as those property owners were on notice the surrounding property was so zoned, we find they also could rely on the fact that petitioners would submit a site plan that would comply with the literal language of the Order and with the preliminary land plat. The Court's Order is clear. The preliminary land plat was "incorporated into and made a part of" the decree. (1966 Order, para. 2)

The decision of the City Council is affirmed insofar as this proposed plan. However, if a revised site plan is submitted that is, in all material aspects in accordance with the Order and preliminary plat, the City must approve the plan. *City of Gainesville v GNV Investments, Inc.,* 413 So.2d 770 (Fla. 1st DCA 1982).

Petition for Writ of Certiorari denied. OFTEDAL, RAPP and STEVENSON, JJ., concur.