THOMAS, J.
 

 Appellant appeals an order of the Unemployment Appeals Commission (Commission) denying her request to withdraw a claim for unemployment benefits. Because the Commission acted arbitrarily and without lawful authority in denying Appellant’s request, we reverse.
 

 Procedural History
 

 On January 8, 2007, the Agency For Workforce Innovation (Agency), in response to Appellant’s claim for unemployment benefits, issued a Wage Transcript and Determination report indicating that Appellant’s weekly benefit amount, if she qualified, was $275. The Agency determined on February 5, 2007, that Appellant was entitled to unemployment compensation benefits because her unemployment was due to a lack of work. After learning she may be entitled to benefits in New Jersey, her state of residence, Appellant sent a letter to the Agency on February 21, 2007, requesting that it cancel her unemployment claim in Florida, and enclosed with the request a certified check in the amount of the benefits she had already received. It was Appellant’s understanding that she could not pursue a claim in New Jersey until the Florida claim was cancelled. The Agency denied this request, and Appellant appealed.
 

 On March 27, 2007, Appellant’s case was dismissed for lack of jurisdiction upon the Appeals Referee’s (Referee) finding that Appellant’s appeal was untimely. Appellant appealed, and the Commission reversed, finding the February 21 request for cancellation was not meant as an appeal of the January 8, 2007, Wage Transcript and Determination, but rather a request that Appellant be allowed to cancel her claim; thus, it was not subject to dismissal on jurisdiction grounds. Consequently, the matter was remanded for further proceedings.
 

 On June 6, 2007, the Referee issued a decision finding Appellant’s claim was monetarily eligible, and Appellant began receiving benefits pursuant to that claim. The Referee also found Appellant did not present any testimony or evidence “to establish that she filed an appeal from the Wage Transcript and Determination, requesting that her Florida claim be can-celled,” nor did she present any testimony or evidence establishing that her claim should be cancelled “based on Agency error.” Pursuant to these findings, the Referee concluded Appellant failed to provide a legal basis for cancelling her Florida claim.
 

 
 *905
 
 By order dated August 17, 2007, the Commission affirmed this decision, finding Appellant failed to demonstrate that the Agency abused its discretion by declining to grant Appellant’s request that she be allowed to withdraw her Florida claim. The Commission also found Appellant was not entitled to the requested relief, “including but not limited to an investigation of whether her employer acted illegally or fraudulently when it elected to pay employment taxes to Florida rather than to another entity of [Appellant’s] choice.” This appeal followed.
 

 Analysis
 

 The Referee’s decision stated that Appellant failed to establish that she filed an appeal from the Wage Transcript and Determination report requesting her Florida claim be cancelled, and also that she failed to establish that her claim should be can-celled due to Agency error. Accepting these findings, the Commission concluded that Appellant failed to provide a legal basis for cancelling her claim. Neither the Commission nor chapter 443, Florida Statutes, explains what a claimant must do to be so entitled. More importantly, nothing in either chapter 448 or the regulations promulgated by the Agency prohibits a claimant from cancelling a claim.
 

 A Wage Transcript and Determination report does not determine eligibility for benefits; rather, it determines the amount of those benefits, should a claimant qualify. Thus, the Agency’s finding was correct that Appellant’s February 21 request for cancellation was not meant as an appeal of the January 8, 2007, Wage Transcript and Determination report, but rather a request that Appellant be allowed to cancel her claim. A claimant seeking unemployment benefits would have no reason to appeal a Wage Transcript and Determination other than to contest the potential benefit amount.
 

 Here, Appellant timely appealed the Agency’s subsequent determination that she was
 
 entitled
 
 to benefits, and sent a letter to the Agency requesting that it cancel her unemployment claim so that she could file a claim in New Jersey, her state of residence. Appellant enclosed a check in an attempt to reimburse the Agency for the benefits she had already received.
 
 [1]
 
 If a formal process does exist for requesting that a claim be cancelled, this is the logical stage of the process at which a claimant should do so, not when a Wage Transcript and Determination is issued. Thus, the Commission’s argument on appeal, that Appellant’s claim could not be cancelled because it became final once more than 20 days elapsed without an appeal of the Agency’s Wage Transcript and Determination, is meritless. In addition, this ai’gument is at direct odds with the Agency’s own previous finding that Appellant never contested the Wage Transcript and Determination.
 

 An agency’s powers are limited to those conferred by the Legislature.
 
 See Lewis Oil Co. v. Alachua County,
 
 496 So.2d 184, 188 (Fla. 1st DCA 1986) (holding administrative agencies have only the powers delegated by statute). Thus, in the absence of a specific statute authorizing the Agency to prevent a claimant from withdrawing her unemployment claim, it
 
 *906
 
 cannot do so. The Agency can promulgate rules and procedures for cancelling a claim.
 
 See
 
 § 443.1317, Fla. Stat. (2006) (providing the agency may adopt rules to administer provisions of chapter 443). Here, the Agency has not adopted a rule or procedure for withdrawing a claim; thus, it is inexplicable that it would find that Claimant has improperly withdrawn such a claim. In the absence of a specified procedure for submitting such a request, Appellant’s method was reasonable and sufficient.
 

 Conclusion
 

 Based on the foregoing, the Commission’s determination that Appellant failed to establish entitlement to cancel her Florida unemployment claim was clearly erroneous as a matter of law. The Commission’s order denying Appellant’s request to cancel her unemployment claim is REVERSED, and this cause is REMANDED for proceedings consistent with this opinion.
 

 WEBSTER and LEWIS, JJ., concur.
 

 [1]
 

 . As we learned in Appellant’s appeal in case # 1D07-6391, which is traveling with this case, Appellant continued to receive benefits after the Commission denied her request to cancel her claim, and the Commission eventually sought reimbursement of the overpaid portion of those benefits. Ironically, the amount of the overpayment was identical to the amount Appellant tried to reimburse. Although we have per curiam affirmed the Commission's order in case # 1D07-6391, we note that the litigation in both appeals would have been avoided had the Agency allowed Appellant to cancel her claim.